Filed 9/22/20  P. v. Lopez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,  Plaintiff and Respondent,  v.  CLAY EDWARD LOPEZ,  Defendant and Appellant. | D076259  (Super. Ct. No. SCD277650) |


APPEAL from a judgment of the Superior Court of San Diego County, Esteban Hernandez, Judge.  Affirmed as modified and remanded with directions.

Charles R. Khoury Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Allison V. Acosta, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Clay Edward Lopez was convicted of commercial burglary and vandalism and sentenced to a term of eight years in prison.  Defendant

claims various fees and fines were imposed without consideration of his ability to pay them. He also contends that the case should be conditionally remanded to permit the court to consider mental health diversion. In a supplemental brief, defendant contends that two one-year enhancements that were imposed for prior prison convictions should be stricken.

## BACKGROUND

*Procedure*

Defendant waived his right to a jury, against his attorney's advice. After a bench trial held on May 21, 2019, the court found defendant guilty of burglary (Pen. Code,[1] § 459) and vandalism over $400 (§ 594, subds. (a), (b)(1)). Defendant admitted he had previously been convicted of 20 felonies that precluded him from being eligible for probation. (§ 1203, subd. (e)(4).) One felony was for attempted burglary, one for receipt of stolen property, and the other eighteen prior felonies were all for burglary. Defendant admitted that one of his prior convictions was for first degree burglary and was a serious felony within the meaning of the Three Strikes law. (§§ 667, subds. (b)-(i) & 1170.12.) Defendant also admitted two prior convictions for which he had served a prison term within the previous five years. (§ 667.5, subd. (b).)

On July 26, 2019, the court sentenced defendant to eight years in prison. It imposed the upper term of three years on the burglary charge, doubled to six years due to defendant's prior strike conviction. The upper term was imposed because of defendant's numerous prior convictions as an adult. Sentencing on the vandalism charge was stayed pursuant to section 654. The court imposed two consecutive one-year terms for the prison prior convictions. The court imposed fines and fees discussed in more detail *post*.

---

[1] Further statutory references are to the Penal Code.

2

*Facts*

In the very early morning hours of July 13, 2018, defendant threw rocks at the glass door of a shoe repair store, breaking it, and causing about $800 in damages to replace the door. Defendant pushed his hand and his head inside the window. A surveillance video captured his acts and led to his arrest.

Defendant testified that he was a frequent customer of the shoe repair store. He became upset because he believed workers at the store were laughing at him. He wanted to take out his feelings on the store property. Defendant said he was not thinking rationally. He said he was a "seasoned burglar" who knew how to steal from a business, and he did not intend to steal anything from the shoe repair shop. Defendant acknowledged he was on the surveillance video, pushing the glass into the shop.

## DISCUSSION

### A. Fines, Fees, and Assessments

1. *Proceedings Below*

Defense counsel asked the court to stay any fines and fees, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), because defendant was indigent and homeless. The court had presided at trial and was familiar with defendant's testimony about his circumstances. Defendant testified at trial that he slept outside; he regularly played guitar for money; he was given food by some of the nearby restaurants; and he had been hired by an attorney to do some work for two days. The court said it considered the *Dueñas* factors. It imposed a restitution fine of $4,800 (§ 1202.4, subd. (b)), with an equal fine imposed and stayed unless defendant's parole were revoked (§ 1202.45); a court security fee of $80 (§ 1465.8); a critical needs account fee of $60 (Gov. Code, § 70373); a criminal justice administration fee of $154

(Gov. Code, § 29550.1); a theft fine of $39 (§ 1202.5); and victim restitution of $876.27 (§ 1202.4, subd. (f)). The court referred to section 2085.5, which provides for restitution and the restitution fine to be paid from prison wages.

2. *Analysis*[2]

    a. Constitutional Error

        i. *Due Process Clause*

Defendant asserts that imposition of the fines and fees violated either the due process clause or the excessive fines clause. He relies on *Dueñas* for his claim that the due process clause was violated. The court in *Dueñas* concluded that due process required the trial court to hold a hearing to ascertain the defendant's ability to pay before it imposed a restitution fine and mandatory assessments. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.)

In *Dueñas*, *supra*, 30 Cal.App.5th at page 1167, the court held that due process precludes a trial court from "impos[ing]" certain assessments and fines when sentencing a criminal defendant, in the absence of a determination that the defendant has the "present ability to pay" those assessments and fines. Specifically, *Dueñas* held that "due process of law requires [a] trial court to . . . ascertain a defendant's present ability to pay before it imposes" (1) "court facilities and court operations assessments" (under § 1465.8 and Gov. Code, § 70373, respectively), or (2) a restitution fine (under § 1202.4). (*Dueñas*, at pp. 1164, 1167, 1172.)

Other appellate opinions have questioned whether "*Dueñas's* expansion of the boundaries of due process" is a "correct interpretation," and ultimately concluded that it is not. (*People v. Hicks* (2019) 40 Cal.App.5th 320, 327, rev.

---

2    The issue of whether a trial court must consider a defendant's ability to pay before imposing fines, fees, and assessments is pending before our Supreme Court. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, rev. granted Nov. 13, 2019, S257844.)

granted Nov. 26, 2019, S258946 (*Hicks*); see also *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1056 (*Lowery*); *People v. Kingston* (2019) 41 Cal.App.5th 272, 282; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1060 ["We find *Dueñas* was wrongly decided"] (*Aviles*); *People v. Caceres* (2019) 39 Cal.App.5th 917, 928–929 (*Caceres*); *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1038 (conc. opn. of Benke, J.); but see *People v. Belloso* (2019) 42 Cal.App.5th 647, 662–663, rev. granted Mar. 11, 2020, S259755 [accepting *Dueñas*]; *People v. Castellano* (2019) 33 Cal.App.5th 485, 490–491 [same].)

In considering the issue, the *Hicks* court noted that *Dueñas* rests on "two strands of due process precedent," the first of which "secures a due process-based right of *access* to the courts," and the second of which "erects a due process-based bar to incarceration based on the failure to pay criminal penalties when that failure is due to a criminal defendant's indigence rather than contumaciousness." (*Hicks*, *supra*, 40 Cal.App.5th at pp. 325–326, rev. granted, italics omitted.) *Hicks* explains that neither of these strands "dictate[s]" *Dueñas's* result. (*Id.* at p. 326; accord, *Lowery*, *supra*, 43 Cal.App.5th at p. 1056.)

We find the *Hicks* court's analysis of the due process issue to be persuasive, and for this reason, we adopt the holding in *Hicks* that "[n]either strand [of due process precedent] bars the imposition of [the] assessments and the . . . restitution fine" even as to a defendant who is unable to pay. (*Hicks*, *supra*, 40 Cal.App.5th at p. 329, rev. granted.) Like the defendant in *Hicks*, defendant has not, to date, been denied access to the courts nor does he face incarceration as a result of the imposition of these financial obligations. No remand for an ability to pay hearing is therefore necessary.

The Attorney General asserts that imposition of the nonpunitive fees and assessments violated the due process clause and asks that we strike

them.  We decline to accept the Attorney General's request, however, having rejected the *Dueñas* theory that imposition of fines and fees violates the due process clause unless the court first holds an ability-to-pay hearing.

ii. *Excessive Fines Clause*

Defendant also contends that imposition of the fines and fees violated the excessive fines clause of the Eighth Amendment.  (See *Dueñas*, *supra*, 30 Cal.App.5th at p. 1171, fn. 8 [due process and excessive fines analyses are similar].)

The *Aviles* court found that the excessive fines clause of the Eighth Amendment provided the constitutional standard applicable to fines.  (*Aviles*, *supra*, 39 Cal.App.5th at pp. 1069–1071; see also *People v. Valles* (2020) 49 Cal.App.5th 156, 162, rev. granted July 22, 2020, S262757 (*Valles*); *Lowery*, *supra*, 43 Cal.App.5th at pp. 1057–1058; *Gutierrez*, *supra*, 35 Cal.App.5th at p. 1040 (conc. opn. of Benke, J.).)  The word "fine" as used in that clause applies to punitive monetary assessments.  (*Valles*, at p. 162; *Aviles*, at p. 1070; *Gutierrez*, at p. 1040.)  Accordingly, the prohibition on excessive fines applies to the fines that are punitive in nature, including the restitution fine (§ 1202.4, subd. (b)) and theft fine (§ 1202.5).  Courts have split on whether the clause applies to the nonpunitive fees for court security (§ 1465.8), critical needs account (Gov. Code, § 70373), or criminal justice administration fee (Gov. Code, § 29550.1).  (See *Valles*, at p. 162 [restitution fine subject to excessive fines clause because it is punishment; other fees are not punishment]; *Gutierrez*, at p. 1040.)  The *Aviles* court, on the other hand, applied the Eighth Amendment to fees and assessments as well as to fines, because the fees can be transformed into " '*additional punishment* for a criminal conviction for those unable to pay.' "  (*Aviles*, *supra*, 39 Cal.App.5th, at pp. 1071–1072, quoting *Dueñas*, *supra*, 30 Cal.App.5th at p. 1168.)  We

6

need not decide this issue because even if the excessive fines clause applies to fees, those fees were not excessive.

Under the excessive fines clause, monetary fines are excessive if they are "grossly disproportional to the gravity of [a defendant's] offense." (*United States v. Bajakajian* (1998) 524 U.S. 321, 334 (*Bajakajian*).) The California Supreme Court adopted this analysis in *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 (*Reynolds*).) Under those standards, ability to pay may be part of the proportionality analysis, but it is not the only factor. (*Bajakajian*, at pp. 337–338; *Aviles*, *supra*, 39 Cal.App.5th at p. 1070.)

"According to *Bajakajian*, two considerations are particularly relevant in deriving a constitutional excessiveness standard. First, 'judgments about the appropriate punishment for an offense belong in the first instance to the legislature.' [Citation.] Second, 'any judicial determination regarding the gravity of a particular criminal offense will be inherently imprecise. Both of these principles counsel against requiring strict proportionality between the amount of a punitive forfeiture and the gravity of a criminal offense . . . ." (*Lowery*, *supra*, 43 Cal.App.5th at pp. 1057–1058, quoting *Bajakajian*, *supra*, 524 U.S. at p. 337.)

We leave to the Legislature the task of determining appropriate punishments and appropriate fees and assessments. (See *Hicks*, *supra*, 40 Cal.App.5th at p. 329, rev. granted [fines and fees best left to Legislature].) "Raising funds for victim restitution and court operations and facilities unquestionably are proper legislative goals . . . ." (*Caceres*, *supra*, 39 Cal.App.5th at p. 928.) The restitution fine of $4,800 complies with the legislative guideline for such a fine: the minimum fine of $300, multiplied by the number of counts of which defendant was convicted (two), multiplied by

7

the number of years of imprisonment (eight).  (§ 1202.4, subd. (b)(2).)
Linking the restitution fine to the length of imprisonment and number of
convictions ensures some proportionality for the restitution fine that the
Legislature deems appropriate.  We cannot conclude that the fees set by the
Legislature are grossly disproportionate to the criminal acts of defendant.
Accordingly, we find no error in the imposition of fees and fines by the court.

B.  <u>Defendant Forfeited His Request for Mental Health Diversion</u>

Defendant contends that this case should be conditionally remanded for
the trial court to determine whether he qualified for mental health diversion
under section 1001.36.  He forfeited this issue because he never requested
diversion in the trial court, although that program has been in effect
throughout the pendency of most of his case.

In January 2019, defense counsel requested a continuance of the trial
so that a motion for mental health diversion could be filed.  No such motion
was ever filed.  At the conclusion of the trial, defense counsel asked for
additional time to obtain an evaluation of defendant.  No such evaluation was
ever submitted on behalf of defendant.  At sentencing, defendant said that he
had not had a diversion hearing, that his attorney had never arranged a
diversion hearing before, and, "I never had that diversion.  I understand  it's
a hot potato here in this  county."  These statements were not a request for a
diversion hearing.

Defense counsel was well aware of the availability of a diversion
hearing, and did not request one or present a mental health evaluation of
defendant, presumably for tactical or strategic reasons.  We presume that
counsel acted within the wide range of professional norms.  (*Strickland v.
Washington* (1984) 466 U.S. 668, 689 [strong presumption that counsel acted
reasonably]; *In re Champion* (2014) 58 Cal.4th 965, 1004 [same].)  Defendant

8

forfeited a request for mental health diversion. (*People v. Scott* (1994) 9 Cal.4th 331, 353; *People v. Trujillo* (2015) 60 Cal.4th 850, 856–857.)

Having forfeited any request for diversion in the trial court, defendant has sought relief by filing a petition for writ of habeas corpus, contending that his counsel was constitutionally ineffective for failing to request diversion. We have ordered that the petition be considered with this direct appeal. We have responded to defendant's claim in our order on that petition.

C. **Prior Prison Term Convictions**

Defendant requested, and we granted, permission to file a supplemental brief raising an issue pursuant to a new law. Defendant admitted at trial that he had two prior convictions for burglary (§ 459), for which he had served a term in prison, within the meaning of sections 667.5, subdivision (b), and 668. The court sentenced defendant to one year, consecutive, for each of these prior prison term convictions.

The Legislature passed Senate Bill No. 136, effective January 1, 2020, eliminating all enhancements for prior prison term convictions unless the prior conviction was for a sexually violent offense. (Sen. Bill No. 136 (2019-2020 Reg. Sess.) § 1; § 667.5, subd. (b).) Defendant urges that based on this new law his prison term should be reduced by two years. The People agree. We concur. The amended law applies retroactively to defendant because his judgment is not yet final. (*People v. Keene* (2019) 43 Cal.App.5th 861, 865; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681–682.) We will remand the matter with directions to strike the two prior prison term enhancements and to resentence defendant. (See *Jennings*, at p. 682; *Keene*, at p. 865.)

9

## DISPOSITION

The sentence is vacated and the trial court is ordered to strike the two one-year enhancements under section 667.5, subdivision (b) and to resentence defendant accordingly.  Following resentencing the court shall amend the abstract of judgment and forward the amended abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed in all other respects.

BENKE, Acting P. J.

I CONCUR:


AARON, J.


I CONCUR IN THE RESULT:


GUERRERO, J.

10