Filed 10/16/20  P. v. Aguilar-Lopez CA3
See concurring & dissenting opinion

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C087393 |
| Plaintiff and Respondent, | (Super. Ct. No. 16CF05578) |
| v. | |
| JOSE LUIS AGUILAR-LOPEZ, JR., | |
| Defendant and Appellant. | |

Defendant Jose Luis Aguilar-Lopez, Jr., was charged with possession of a firearm police officers found in a hidden compartment of a car an officer had seen him driving. The trial court ordered defendant to be granted probation and imposed mandatory fines and assessments.  On appeal, defendant contends there was insufficient evidence he possessed the firearm and asserts the restitution fine and two mandatory assessments violate constitutional protections because the trial court did not first determine his ability to pay.  We affirm the judgment.

1

FACTS

A police officer performed surveillance on a house and a car for about a week. During this time, the officer had only seen defendant drive the car about three to five times. But the officer could not be certain no one else drove it; the car was also registered to someone else in a different city. Police officers then conducted a search of the car and the house. During the search, the car was parked outside of the house and defendant was the only person at the house.

Police officers found a gun inside the car, hidden in a compartment in the center console, near where the driver's right leg would be. The gun was not in plain sight, and to get the gun a plastic panel had to be taken off, which would take 5 to 10 seconds to remove. Officers also found court paperwork with defendant's name in the car and ammunition in the house.

Defendant was charged with felony possession of a firearm (Pen. Code, § 29805)[1] and felony possession of ammunition (§ 30305, subd. (a)(1)). At a bench trial, the trial court found defendant guilty of firearm possession but acquitted defendant of ammunition possession. The court stated, "with regard to the gun, the defendant was seen driving the vehicle over the course of a week, three to five times. The gun was in the vehicle. Court will find that he possessed the gun by virtue of driving the vehicle. . . . While it was in the vehicle, he had custody and control of the firearm." Defendant argued there was no evidence he knowingly possessed the gun. The court responded, "I do think there is evidence to show that it was knowing. He got in the car three to five times. He's familiar with the car. His court paperwork is in the car. That is enough for knowing."

---

[1]     Undesignated statutory references are to the Penal Code.

The trial court sentenced defendant to time served and granted him probation. The court then ordered reduced fines and assessments composed of: $300 restitution fine (§ 1202.4, subd. (b)), $300 suspended probation revocation restitution fine (§ 1202.44), $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

## DISCUSSION

## I

### *Sufficiency of Evidence for Firearm Possession*

Defendant argues there was not substantial evidence from which defendant's dominion and control of the firearm could reasonably be inferred. Defendant asserts driving a car with a firearm in a hidden compartment is insufficient to establish he knew the gun was there, especially because other people could have driven the car and it was registered to someone else. We disagree.

We review the record in the light most favorable to the judgment to determine whether it discloses substantial evidence. (*People v. Snow* (2003) 30 Cal.4th 43, 66.) Substantial evidence is evidence that is "reasonable, credible and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*Ibid.*) From the evidence, we draw all inferences supporting the fact finder's verdict. (*People v. Olguin* (1994) 31 Cal.App.4th 1355, 1382.) Before the judgment can be set aside for insufficient evidence, "it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the [fact finder]." (*People v. Hicks* (1982) 128 Cal.App.3d 423, 429.)

Section 29805 is violated when a person with a qualifying misdemeanor conviction within the last 10 years "has in possession or under custody or control, any firearm." (§ 29805, subd. (a).) Possession can be actual or constructive. " ' "A defendant has actual possession when the weapon is in his [or her] immediate possession or control," ' i.e., when he or she is actually holding or touching it." (*People v. Bay*

3

(2019) 40 Cal.App.5th 126, 132.) "To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person." (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417, disapproved on another ground in *People v. Farwell* (2018) 5 Cal.5th 295, 304, fn. 6.) "[K]nowledge of the presence of the object . . . is the essence of the offense." (*People v. Gory* (1946) 28 Cal.2d 450, 455-456; *In re Jorge M*. (2000) 23 Cal.4th 866, 885.)

Courts have inferred dominion and control "when the contraband is discovered in a place over which the defendant has general dominion and control: his [or her] residence [citation], his [or her] automobile [citation], or his [or her] personal effects." (*People v. Jenkins* (1979) 91 Cal.App.3d 579, 584.) Or when the contraband is "immediately accessible." (*People v. Miranda* (2011) 192 Cal.App.4th 398, 410.)

*People v. Gant* (1968) 264 Cal.App.2d 420 is particularly instructive. There, the driver and passenger of a car were both found to have joint possession of a Mauser pistol hidden under the passenger's floormat and a Colt .45 under the dashboard to the right of the glove compartment. (*Id*. at p. 422.) For the driver, the court reasoned, "the entire vehicle was under his control inasmuch as he was the driver" and further, the Colt .45 was "readily accessible to" him. (*Id*. at p. 425.) Thus, it was reasonable for the trial court to infer the driver had "actual control and direction" of the car and "knew of the presence of the guns" even if the guns were jointly possessed by the driver and passenger – "[t]he statute does not require that a defendant have the exclusive possession and control of the firearm." (*Ibid*.)

Defendant's control of the car similarly permits a reasonable inference he knowingly possessed the firearm. Defendant was seen driving the car several times within a week and documents with his name on them were found in the car. This is enough evidence for the trial court to find defendant had control over the car. Further, such control permits imputing knowledge of the contents of the car to defendant as the

4

driver, especially because the gun was in close proximity to defendant when he drove the car. There was no evidence other people had driven the vehicle, but even if there were, joint possession is still possession. On this record, we conclude the trial court's determination defendant knowingly possessed the firearm was supported by substantial evidence.

## II

### *Imposition of Restitution Fine and Court Assessments*

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant argues imposition of the following mandatory fine and assessments violated his constitutional rights because the trial court did not determine his ability to pay before imposing them: (1) a restitution fine of $300 (§ 1202.4), (2) a court operations assessment of $40 (§ 1465.8), and (3) a court facilities assessment of $30 (Gov. Code, § 70373). He asks this court to stay the restitution fine and strike the other assessments, or alternatively to remand for an ability to pay hearing. The Attorney General responds by arguing this claim is forfeited by defendant's failure to raise the issue of his ability to pay in the trial court. Assuming, without deciding, defendant's challenges to the restitution fine and other assessments have not been forfeited, we conclude *Dueñas* was wrongly decided and therefore reject defendant's claim on that basis.

The *Dueñas* court held, "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) The *Dueñas* court also held "that although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid*.) Defendant seeks

relief from the fines and assessments or a remand for a hearing regarding his present ability to pay.

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47 (*Kopp*), review granted November 13, 2019, S257844, that agreed with the court's conclusion in *Dueñas*, *supra*, 30 Cal.App.5th 1157 that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp*, at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas, supra,* 30 Cal.App.5th 1157 and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Accordingly, we conclude the imposition of the restitution fine, court operations assessment, and court facilities assessment on defendant without consideration of ability to pay does not violate due process or equal protection and there is no requirement that the trial court conduct an ability to pay hearing prior to imposing these fines and assessments.

DISPOSITION

The judgment is affirmed.

/s/
HOCH, J.

I concur:

/s/
BLEASE, Acting P. J.

ROBIE, J., Concurring and Dissenting.

I concur in part I of the Discussion but dissent to part II addressing defendant's argument that *Dueñas* calls into question the imposition of the $300 restitution fine, $40 court operations assessment, and $30 court facilities assessment without a determination of his ability to pay. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157.) I agree with *Dueñas* that principles of due process would preclude a trial court from imposing the fine and assessments at issue if a defendant demonstrates he or she is unable to pay them. (*Dueñas*, at p. 1168.) I do not find the analysis in *Kingston*, *Hicks*, *Aviles*, or *Caceres* to be well-founded or persuasive and believe the majority has it backwards -- the cases with which the majority agrees were wrongly decided, not *Dueñas*. (*People v. Kingston* (2019) 41 Cal.App.5th 272; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055; *People v. Caceres* (2019) 39 Cal.App.5th 917.)

Defendant did not forfeit the ability-to-pay argument, as the People contend. It is true, as stated in *Castellano*, a trial court is required to determine a defendant's ability to pay only if the defendant raises the issue, and the defendant bears the burden of proving an inability to pay. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.) In the absence of authority invalidating the statutorily mandated fine and assessments based on a defendant's inability to pay at the time the trial court imposed them, however, defendant could not have reasonably been expected to challenge the trial court's imposition thereof. (*People v. Welch* (1993) 5 Cal.4th 228, 237 ["[r]eviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence"].)

1

I believe a limited remand under *Dueñas* is appropriate to permit a hearing on defendant's ability to pay the challenged fine and assessments because his conviction and sentence are not yet final.  (See *People v. Castellano*, *supra*, 33 Cal.App.5th at pp. 490-491.)

/s/
Robie, J.
