PERLUSS, P. J.
*487 A jury convicted Narcisco Castellano of possession of cocaine base for sale. After admitting the truth of several prior conviction and prior prison term enhancement allegations, Castellano was sentenced to three years in county jail plus three years of supervised release. On appeal Castellano primarily contends the People's expert witness improperly relied on race and/or national origin in forming an opinion as to the nature of the conduct described in a hypothetical question, in violation of Castellano's constitutional rights to due process and equal protection. Castellano also contends his trial counsel provided ineffective assistance by failing to move to exclude the improper testimony and by eliciting similar testimony during cross-examination of the expert witness. In a supplemental brief filed after this court decided People v. Dueñas (2019) 30 Cal.App.5th 1157, 242 Cal.Rptr.3d 268 ( Dueñas ), Castellano contends the trial court violated his rights to due process and equal protection by imposing certain fines, fees and assessments absent evidence of his ability to pay them. We affirm Castellano's conviction and remand for the trial court to give Castellano the opportunity to request a hearing and to present evidence demonstrating his inability to pay the applicable fines, fees and assessments.
*488 FACTUAL AND PROCEDURAL BACKGROUND
1.-2.**
3. Verdict and Sentence
The jury found Castellano guilty of possession of a controlled substance for purpose of sale. In a bifurcated proceeding after waiving his right to a jury trial, Castellano admitted the truth of each of the special prior conviction and prior prison term enhancement allegations. The court struck each of the controlled substance recidivism enhancements; found two of the three specially alleged prior prison term enhancements true; and sentenced Castellano to a term of six years, split between three years in local custody and three years on mandatory supervised release.[3] The trial court imposed a $30 court facilities assessment ( Gov. Code, § 70373 ); a $40 court operations assessment ( Pen. Code, § 1465.8 ); a $50 criminal laboratory analysis fee ( Health & Saf. Code, § 11372.5 ), which is subject to an additional state court construction penalty ( Gov. Code, § 70372 ); and a $300 restitution fine (the statutory minimum) ( *141 Pen. Code, § 1202.4, subd. (b) ). The court imposed and suspended a corresponding $300 parole revocation fine ( Pen. Code, § 1202.45 ). Castellano did not object to the imposition of these assessments, fines and fees.
DISCUSSION
1.-3.***
4. Remand Is Necessary To Afford Castellano the Opportunity To Request a Hearing Concerning His Ability To Pay Fines, Fees and Assessments
a. Castellano's argument under Dueñas has not been forfeited
In Dueñas , supra , 30 Cal.App.5th 1157, 242 Cal.Rptr.3d 268 this court held it violated due process under both the United States and California Constitutions to impose a *489 court operations assessment as required by Penal Code section 1465.8 or the court facilities assessment mandated by Government Code section 70373, neither of which is intended to be punitive in nature, without first determining the convicted defendant's ability to pay. ( Dueñas , at p. 1168, 242 Cal.Rptr.3d 268.) A restitution fine under Penal Code section 1202.4, subdivision (b), in contrast, is intended to be, and is recognized as, additional punishment for a crime. Penal Code section 1202.4, subdivision (c), provides a defendant's inability to pay may not be considered a compelling and extraordinary reason not to impose the restitution fine; inability to pay may be considered only when increasing the amount of the restitution fine above the minimum required by statute. To avoid the serious constitutional question raised by these provisions, we held, although the trial court is required to impose a restitution fine, the court must stay execution of the fine until it is determined the defendant has the ability to pay the fine. ( Dueñas , at p. 1172, 242 Cal.Rptr.3d 268.)
In supplemental briefing filed with the permission of this court, Castellano contends under Dueñas, supra, 30 Cal.App.5th 1157, 242 Cal.Rptr.3d 268, the assessments and fees imposed by the trial court should be reversed and the execution of the restitution fine stayed. The People argue Castellano forfeited this issue on appeal because he failed to raise it in the trial court. However, at the time Castellano was sentenced, Dueñas had not yet been decided; and no California court prior to Dueñas had held it was unconstitutional to impose fines, fees or assessments without a determination of the defendant's ability to pay. Moreover, none of the statutes authorizing the imposition of the fines, fees or assessments at issue authorized the court's consideration of a defendant's ability to pay. Indeed, as discussed, in the case of the restitution fine, Penal Code section 1202.4, subdivision (c), expressly precluded consideration of the defendant's inability to pay. When, as here, the defendant's challenge on direct appeal is based on a newly announced constitutional principle that could not reasonably have been anticipated at the time of trial, reviewing courts have declined to find forfeiture. (See, e.g., O'Connor v. Ohio (1966) 385 U.S. 92, 93, [87 S.Ct. 252, 17 L.Ed.2d 189] ; People v. Doherty (1967) 67 Cal.2d 9, 13-14, 59 Cal.Rptr. 857, 429 P.2d 177 ; see generally People v. Brooks (2017) 3 Cal.5th 1, 92, 219 Cal.Rptr.3d 331, 396 P.3d 480 [" '[r]eviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence' "].) We similarly decline to apply the forfeiture doctrine to Castellano's constitutional challenge.
*142 b. A limited remand is appropriate
Relying on Dueñas , supra , 30 Cal.App.5th 1157, 242 Cal.Rptr.3d 268, Castellano asserts the court facilities and operations assessments and the criminal laboratory analysis fee should be reversed, and execution of the restitution fine stayed, unless *490 and until the People prove he has the present ability to pay the fine. Dueñas does not support that conclusion in the absence of evidence in the record of a defendant's inability to pay. In Dueñas the defendant challenged at the sentencing hearing the fees and fines imposed, asserting she was unable to pay them. ( Id . at p. 1162, 242 Cal.Rptr.3d 268.) She requested an ability-to-pay hearing and presented evidence-which the court credited-that she lacked the ability to pay the fines and fees it imposed. ( Id . at pp. 1160-1163, 242 Cal.Rptr.3d 268.) Our holding in Dueñas that the fees and assessments could not constitutionally be assessed and that execution of the restitution fine had to be stayed was based on the trial court's uncontested finding that Dueñas was unable to pay the amounts imposed. Here, in contrast, Castellano did not request an ability-to-pay hearing at his pre- Dueñas sentencing; thus, no evidence exists in the record from which to infer any findings in this regard.
Consistent with Dueñas , a defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court. In doing so, the defendant need not present evidence of potential adverse consequences beyond the fee or assessment itself, as the imposition of a fine on a defendant unable to pay it is sufficient detriment to trigger due process protections. ( Dueñas , supra , 30 Cal.App.5th at pp. 1168-1169, 242 Cal.Rptr.3d 268.) The trial court then must consider all relevant factors in determining whether the defendant is able to pay the fines, fees and assessments to be imposed. Those factors may include, but are not limited to, potential prison pay during the period of incarceration to be served by the defendant.[5] If the trial court determines a defendant is unable to pay, the fees and assessments cannot be imposed; and execution of any restitution fine imposed must be stayed until such time as the People can show that the defendant's ability to pay has been restored. ( Id . at pp. 1168-1169, 1172, 242 Cal.Rptr.3d 268.)
This procedure is already standard in other contexts in which a litigant seeks relief or assistance based on his or her financial condition. A litigant seeking fee waivers, for instance, must complete an application for an initial fee waiver with information supporting his or her claim to be exempt from filing fees on the basis of his or her financial condition, such as receipt of certain public benefits, income below the federal poverty guidelines, or the *491 inability to pay court fees without using moneys that normally would pay for the common necessaries of life for the applicant and his or her family. ( *143 Gov. Code, §§ 68632, 68633.) Similarly, when a defendant requests, pursuant to Government Code section 27706, subdivision (a), to be represented by the public defender because he or she cannot afford to retain counsel, the trial court may require the defendant to file a financial statement to assist the court in making the final determination whether the defendant is financially able to employ counsel and qualifies for the services of the public defender. ( Gov. Code, § 27707.)
As Castellano's conviction and sentence are not yet final, we remand the matter to the trial court so that he may request a hearing and present evidence demonstrating his inability to pay the fines, fees and assessments imposed by the trial court.
DISPOSITION
The conviction is affirmed, and the matter remanded to give Castellano the opportunity to request a hearing on his ability to pay the fines, fees and assessments imposed by the trial court. If he demonstrates the inability to pay, the trial court must strike the court facilities assessment ( Gov. Code, § 70373 ), the court operations assessment ( Pen. Code, § 1465.8 ) and the criminal laboratory analysis fee ( Health & Saf. Code, § 11372.5 ); and it must stay the execution of the restitution fine. If Castellano fails to demonstrate his inability to pay these amounts, the fines, fees and assessments imposed may be enforced.
We concur:
ZELON, J.
FEUER, J.

See footnote *, ante .

The court imposed the upper term of four years for Castellano's underlying offense, plus one year for each of the prior prison term enhancement allegations found true.

See footnote *, ante .

A bill currently pending in the Legislature proposes the following factors be considered in determining a defendant's ability to pay: the defendant's present financial circumstances; whether the defendant is receiving any type of government benefits, including means-tested benefits; whether the defendant was represented by court-appointed counsel; the defendant's reasonably discernible future financial circumstances; the likelihood the defendant will be able to obtain employment within a six-month period from the date of the court's consideration of the issue; the amount of victim restitution ordered, if any; and any other factor that may bear upon the defendant's inability to pay. (Assem. Bill No. 927 (2019-2020 Reg. Sess.) § 1.)