Filed 9/25/20  P. v. Martin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>   v.<br><br>TERA LYN MARTIN,<br><br>       Defendant and Appellant. | C088046<br><br>(Super. Ct. Nos. NCR92857, NCR96148, NCR97244) |

Defendant Tera Lyn Martin pleaded guilty to multiple charges in several consolidated cases.  Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant's sole contention on appeal is that the trial court erred in imposing restitution fines and two set of assessments without holding a hearing to determine her ability to pay them.  We will affirm the judgment.

1

## PROCEDURAL BACKGROUND

The details of defendant's crimes of conviction are irrelevant to the resolution of her sole claim on appeal. It suffices to say that defendant pleaded guilty to multiple drug charges and allegations in a total of three cases and was placed on probation; the trial court subsequently revoked her probation and sentenced her to an aggregate term of nine-years eight-months incarceration.

As relevant here, the trial court imposed (by incorporation of the probation report) three $600 restitution fines pursuant to Penal Code section 1202.4, subdivision (b),[1] a $240 court operations assessment (§ 1465.8), and a $180 criminal conviction assessment (Gov. Code, § 70373).[2] Defendant did not object to these fines and fees at sentencing.

Defendant subsequently filed a section 1237.2 motion requesting a hearing on her ability to pay the fines and assessments imposed. The court held a hearing on the motion; it first noted that "the *Dueñas* case is not binding on this court" and then added that because there was no objection or request for a hearing at the time the fines and assessments were imposed, defendant's claims were forfeited. Defendant timely appeals from the judgment.

## DISCUSSION

Relying on *Dueñas*, defendant argues that the trial court violated her right to due process by imposing restitution fines and the mandatory court operations and criminal conviction assessments without holding a hearing to determine her ability to pay them. The Attorney General argues forfeiture as well as the absence of any violation of the

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Additional fines and fees were imposed at sentencing, but defendant only challenges those we have listed, and asks for remand for an ability to pay hearing as to those charges or, in the alternative, that we stay the restitution fines and strike the court operations and criminal conviction assessments, with both remedies sought pursuant to *Dueñas*.

constitutional rule prohibiting excessive fines, but concedes due process violations as to the "court facilities . . . and court operations . . . assessments." We disagree that the *Dueñas* challenge is forfeited, and decline to accept the concession.[3]

In *Dueñas* the Court of Appeal held that due process prohibits a trial court from imposing court assessments under section 1465.8 and Government Code section 70373, and requires the trial court to stay execution of any restitution fines unless it conducts an ability to pay hearing and ascertains the defendant's ability to pay those assessments and fines. (*People v. Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) To support this conclusion, *Dueñas* relied on two lines of due process precedent. First, it cited authorities addressing access to courts and waiving court costs for indigent civil litigants. Second, it relied on due process and equal protection authorities that prohibit incarceration based on a defendant's indigence and inability to pay a fine or fee. (*Id*. at pp. 1165-1166, 1168.)

*People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946 rejected the reasoning of *Dueñas*, under both lines of due process authority. *Hicks* observed that imposition of fees after a determination of guilt does not deny a criminal defendant's access to the courts and does not interfere with a defendant's right to present a defense or challenge a trial court's rulings on appeal. (*Id*. at p. 326.) Further, imposition of fees, without more, does not result in incarceration for nonpayment of fines and fees due to indigence; thus, it does not infringe on a fundamental liberty interest. (*Ibid*.) We find *Hicks* persuasive.

---

[3] We agree with defendant that an objection based on the due process argument accepted in *Dueñas* would be "based on a newly announced constitutional principle that could not reasonably have been anticipated" at sentencing, and the failure to object on that basis is not forfeiture. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 489; contra, *People v. Bipialaka* (2019) 34 Cal.App.5th 455, 464.)

Our Supreme Court is now poised to resolve this conflict between the courts of appeal, having granted review in *Hicks* as well as *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844.

In the meantime, we join the courts that have concluded that *Dueñas* was wrongly decided. (See, e.g., *People v. Hicks, supra*, 40 Cal.App.5th at pp. 326-327, review granted Nov. 26, 2019, S258946; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-282; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067-1069 (*Aviles*); *People v. Caceres* (2019) 39 Cal.App.5th 917, 923-929.) To the extent imposing potentially unpayable fees or fines on indigent defendants raises constitutional concerns, we agree that such challenges are properly analyzed under the excessive fines clause, which limits the government's power to extract payments as punishment for an offense. (*Aviles,* at pp. 1071-1072.) We disagree, however, with defendant's cursory argument that her fines and fees fail under an excessive fines analysis.[4]

" 'The Eighth Amendment prohibits the imposition of excessive fines. The word "fine," as used in that provision, has been interpreted to be " 'a payment to a sovereign as punishment for some offense.' " [Citation.]' [Citation.] The determination of whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in [*People v. Bajakajian* (1998) 524 U.S. 321 (*Bajakajian*)]. [Citation.]" (*Aviles, supra*, 39 Cal.App.5th at p. 1070.) " 'The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. [Citations.] . . . [A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.' (*Bajakajian, supra*, 524 U.S. at

---

[4] Defendant does not mention the excessive fines clause in her opening brief, and expressly declines to identify a violation thereof in her reply brief, despite the Attorney General's invitation to do so. Nonetheless, because she then adds a conclusory assertion of an Eighth Amendment violation, we provide a short analysis of that issue as well.

4

p. 334.)" (*Aviles*, at p. 1070.) "The California Supreme Court has summarized the factors in *Bajakajian* to determine if a fine is excessive in violation of the Eighth Amendment: '(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay. [Citations.]' [Citations.] While ability to pay may be part of the proportionality analysis, it is not the only factor. [Citation.]" (*Ibid.*)

We review the excessiveness of a fine challenged under the Eighth Amendment de novo. (*Aviles, supra*, 39 Cal.App.5th at p. 1072.) Having done so, we find the restitution fines and court assessments imposed by the court are not grossly disproportional to defendant's culpability and the gravity of her crime --repeatedly bringing drugs and drug paraphernalia into jail while defendant was released on bail for other drug offenses. (See *Bajakajian, supra*, 524 U.S. 321; *Aviles*, at p. 1072.) We are also unconvinced by defendant's argument that she is indigent and unable to pay these amounts. That defendant was unemployed when arrested does not foreclose that she will be able to pay the restitution fines and court assessments. Further, ability to pay alone is not dispositive to an excessive fines analysis. (*Aviles*, at p. 1070, citing *Bajakajian*, at pp. 337-338.) Accordingly, we will deny her request for remand and affirm.

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Renner, J.