Filed 10/20/20  P. v. Mays CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B301827 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA477941) |
| v. | |
| RODNEY MAYS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Affirmed.

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant and appellant Rodney Mays appeals from a judgment of conviction following a no contest plea. Defendant argues the trial court's imposition of a $40 court operations assessment (Pen. Code,[1] § 1465.8), a $30 court facilities assessment (Gov. Code, § 70373), and a $300 restitution fine (§ 1202.4, subd. (b)), without determining whether he had the ability to pay said assessments and fine, violated his right to due process under the federal and California constitutions. Defendant cites in support *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).[2] We affirm.

# II. BACKGROUND

On October 15, 2019, defendant, pursuant to a plea agreement, pleaded no contest to violating Vehicle Code section 10851, subdivision (a), driving or taking a vehicle without consent. The trial court imposed a sentence of two years and dismissed the remaining count of the information. The trial court also imposed a $40 court operations assessment, a $30 court facilities assessment, a $300 restitution fine, and a $300 parole

---

[1]    Further statutory references are to the Penal Code unless otherwise indicated.

[2]    There is a split of authority regarding *Dueñas* and whether it was correctly decided. (See *People v. Belloso* (2019) 42 Cal.App.5th 647, 649, review granted Mar. 11, 2020, S259755.) Our Supreme Court has granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, to resolve this issue.

revocation fine (§ 1202.45), which was stayed unless parole was revoked.

At the sentencing hearing, defense counsel requested that the trial court waive fines and fees, stating: "Your Honor, he is indigent at this time, obviously serving time in custody. He was out of custody for a matter of days before he picked up this case. He's been incarcerated for a period of time previously. He doesn't have income."

The trial court responded: "I am not inclined to do that. He's an able-bodied individual, and [the] Court does believe that he is able to pay those fees and assessments once he's out and about and ready to start working."

Citing *Dueñas*, *supra*, 30 Cal.App.5th 1157, defense counsel argued that the trial court was required to assess defendant's "present ability [to pay], not [his] future ability . . . ." The court disagreed and stated that it was "choosing not to apply [*Dueñas*]."

## III. DISCUSSION

Defendant, citing *Dueñas, supra*, 30 Cal.App.5th 1157, contends that the trial court erred in assessing the restitution fine and assessments without first conducting a hearing on his present ability to pay, and that we must therefore reverse the order imposing the assessments and fine. We disagree.

As an initial matter, we note that several courts have questioned the reasoning of *Dueñas, supra*, 30 Cal.App.5th 1157. (See, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, 326, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1061.) Our Supreme Court will ultimately

3

decide this issue.  For purposes of this appeal, we will assume that *Dueñas* was correctly decided.

Contrary to defendant's assertion, the trial court in this case *did* assess defendant's ability to pay.  The court considered defense counsel's argument that the assessments and the restitution fine should be waived and rejected it, finding that defendant could pay because he was "an able-bodied individual." Substantial evidence supports this conclusion, as defendant's probation report indicates that he was employed as a warehouse worker.

Defendant contends that the trial court was obligated to "make a determination that he had the *present* ability to pay" the fine and assessments (italics added).  We disagree.  (See *People v. Castellano* (2019) 33 Cal.App.5th 485, 490 [relevant factors regarding ability to pay "may include, but are not limited to, *potential* prison pay during the period of incarceration to be served by the defendant" (italics added)].)  We find no error.

## IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


RUBIN, P. J.


MOOR, J.