Filed 1/12/21  P. v. Taylor CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>REGINALD LEON TAYLOR,<br><br>Defendant and Appellant. | B304844<br><br>(Los Angeles County Super. Ct. No. KA122140) |

APPEAL from an order of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Toni R. Johns Estaville, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

## INTRODUCTION

Defendant appeals from his conviction for carrying a dirk or dagger following a no contest plea, arguing that the trial court erred under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) by refusing to stay the $300 minimum restitution fine and vacate $70 in assessments. He argues that the court's ability to pay finding was unsupported. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Defendant attempted to steal two sets of headphones from a Target store. When officers detained him, they discovered a knife in his pocket. In an information, the People charged defendant with one count of carrying a concealed dirk or dagger and one misdemeanor count of shoplifting. The information alleged defendant suffered multiple prior convictions for serious and/or violent felonies within the meaning of the Three Strikes Law.

Pursuant to a plea agreement, defendant pled no contest to carrying a concealed dirk or dagger and admitted to a single "strike." The court sentenced defendant to 32 months (16 months, doubled for the strike). At the hearing, defense counsel objected to the imposition of fines and fees. Counsel stated: "If I could just indicate to the court that [defendant] is indigent and has no permanent residence. I'd ask the court to consider waiving any fines and fees, restitution. There was no loss. There is no restitution."

The court responded: "Well, I'll note under recent case law the amount of time he has in state prison I think is sufficient time to pay the $370. So thank you." The court ordered defendant to pay a $300 parole restitution revocation fine (Pen. Code, § 1202.4(b)), $40 court operations assessment fee (Pen. Code, § 1465.8), and $30 court facilities assessment fee (Gov. Code, § 70373).

Defendant appealed.

## DISCUSSION

Defendant argues that, under *Dueñas*, *supra*, 30 Cal.App.5th 1157, the trial court violated his federal constitutional rights by imposing the $370 in fines and assessments based on its finding that defendant has the ability to pay them with future prison wages.

In *Dueñas*, 30 Cal.App.5th 1157 the court held: "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.) It also held that the execution of a restitution fine must be stayed "unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*) When the defendant contests his ability to pay, the trial court "must consider all relevant factors in determining whether the defendant is able to pay the fines, fees and assessments to be imposed. Those factors may include, but are not limited to, potential prison pay during the period of incarceration to be served by the defendant." (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.)

Defendant argues that he lacked the ability to pay because he "is fifty-six years old, indigent and homeless." He asserts "the court had no information that [defendant] could work or earn money or whether or when [he] had been gainfully employed. He has a lengthy record of theft and drug offenses indicating a long-standing drug addiction problem."

Here, the trial court found that defendant could pay the fine and assessments using the prison wages he would accumulate

3

during his 32-month sentence.  The inmate minimum wage in California prisons is $0.08 per hour and $12 per month, and the maximum pay is $0.37 and $56 per month.  (Cal. Dept. of Corrections and Rehabilitation, Operations Manual (Jan. 1, 2020) § 51120.6.)  Given this range of pay, the court reasonably found that, during his incarceration, defendant may be able to pay off the fines and assessments of $370.

Defendant nonetheless argues that "while the fact that prisoners can earn wages may help support a finding of a potential future ability to pay something, there was no basis for finding that [defendant] would have such earning capacity given the limited availability of jobs in prison and the paltry sums paid for the jobs to be had or that upon his release he would be in a position to earn sufficient income."  We observe defendant did not argue or produce evidence at the hearing that there was limited availability of prison jobs or that defendant could not obtain one.  Based on the record before us, the trial court reasonably found defendant had the ability to pay the fine and fees.

## DISPOSITION

The judgment is affirmed.


RUBIN, P.J.

WE CONCUR:



MOOR, J.



KIM, J.



4