Filed 5/4/21  P. v. Ibarra CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C085773 |
| Plaintiff and Respondent, | (Super. Ct. No. 17F2306) |
| v. | |
| CARLOS WILLIAM IBARRA, | |
| Defendant and Appellant. | |

After a jury found defendant, Carlos William Ibarra, guilty of false imprisonment (Pen. Code, § 236),[1] domestic violence (§ 273.5, subd. (a)), and making criminal threats (§ 422), the trial court placed him on probation with various conditions, including that he submit to warrantless searches of electronic devices in order to enforce compliance with a stay-away order.

---

[1]    Undesignated statutory references are to the Penal Code.

1

On appeal, defendant challenges the electronics search condition, contending it is unconstitutionally overbroad. He further contends the condition requiring him to provide passwords to access the electronic storage devices violates the Fifth Amendment. We conclude defendant forfeited his claim of overbreadth and his claim regarding the Fifth Amendment lacks merit.

In supplemental briefing, defendant avers the fines and fees imposed by the trial court must be stayed pending a hearing on his ability to pay those fees. We disagree.

We affirm the judgment of the trial court.

BACKGROUND

A jury found defendant guilty of false imprisonment (§ 236), domestic violence (§ 273.5, subd. (a)), and making criminal threats (§ 422). The trial court suspended imposition of sentence and placed defendant on three years' probation, including an electronics search condition and a no-contact order. The proposed electronics search condition reads as follows: "That [defendant] submit his person, property, vehicle and residence to warrantless search at any time, with or without probable cause, by any peace officer or probation officer and that he provide any password or combination necessary to access any electronic device or service during the warrantless search process for enforcement of stay away order only. . . ." Defendant made no objection to the probation condition.

The court ordered defendant to pay numerous fines and fees, including a $300 restitution fine (§ 1202.4) and a matching $300 probation revocation fine, which the court stayed pending successful completion of probation (§ 1202.44). The court also imposed an aggregate fine of $780, which included (among other fines and fees) a base fine (§ 672), a penalty assessment (§ 1464, subd. (a)), a construction fund fee (Gov. Code, § 70372, subd. (a)(1)), the court surcharge (§ 1465.7), and a conviction assessment (Gov. Code, § 70373).

2

## DISCUSSION

## I

Defendant contends the electronics search condition is facially overbroad. He argues the condition is broader than required to ensure his compliance with the no-contact order.

Challenges to probation conditions ordinarily must be raised in the trial court; if they are not, appellate review of those conditions will be deemed forfeited. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.) Because defendant did not object to the electronics search condition in the trial court, he has forfeited his ability to challenge both the probation condition's reasonableness and any claim concerning its constitutionality as applied to him. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) A defendant who did not object to a probation condition at sentencing, however, may raise a challenge to that condition on appeal if that claim "amount[s] to a 'facial challenge,' " i.e., a challenge that the "phrasing or language . . . is unconstitutionally vague and overbroad," (*Id.* at p. 885) that is, a " ' "pure question[ ] of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' [Citation.]" (*Id.* at p. 889.) Such a claim "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts . . . ." (*Id.* at p. 885.)

Defendant argues his claim is a pure legal question. We reject that contention. In a facial overbreadth challenge to an electronics search condition, the issue is whether the search condition, in the abstract, and not as applied to the particular probationer, is insufficiently narrowly tailored to the state's legitimate interest in reformation and rehabilitation of probationers *in all possible applications*. (*In re Sheena K., supra*, 40 Cal.4th at p. 885) The answer here is "no." Electronics search conditions are not categorically invalid. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1128.) Thus, although application of this search condition could be constitutionally overbroad as applied to certain probationers, in other circumstances it may be entirely appropriate and

3

constitutional. The criminal offense or defendant's personal history may provide a sufficient basis on which to conclude the condition is a proportional means of deterring future criminality. (*Id.* at pp. 1128-1129.) In those cases, the imposition of such probation conditions would be constitutional. Because there could be circumstances in which such a condition was appropriate, we reject the claim that the electronics search condition is facially overbroad.

## II

Defendant alternatively claims trial counsel was ineffective for failing to object to the electronics search condition as unconstitutionally overbroad. We are not persuaded.

To win reversal for ineffective assistance of counsel, a defendant must show both that counsel performed below professional norms of competence and that defendant was reasonably likely to have obtained a more favorable result absent counsel's incompetence. (*People v. Maury* (2003) 30 Cal.4th 342, 389.) Here, defendant fails to establish the first of these requirements.

The electronics search condition imposed was not sweeping but was limited to enforcement of the no-contact order issued by the court. Even given the current state of affairs relative to electronics search conditions, trial counsel was not unreasonable for failing to object to this more narrowly constructed condition, which was directly related to defendant's convictions and enforcement of a no-contact order. We express no opinion as to whether this electronics search condition would withstand constitutional scrutiny as applied to defendant, but it was reasonable for trial counsel to believe it would, given the circumstances of defendant's conviction and the no-contact order. Accordingly, we find trial counsel's failure to object to the condition did not render their assistance ineffective.

## III

Defendant contends the condition requiring him to provide passwords to his electronic storage devices violates the Fifth Amendment. He claims the condition

compels him "to waive his right against self-incrimination as a condition of his probation. . . ." We disagree.

The search of data on defendant's electronic storage devices, subject to a valid warrantless search condition, does not implicate his Fifth Amendment rights. It is a "settled proposition that a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege [against self-incrimination]." (*United States v. Hubbell* (2000) 530 U.S. 27, 35-36 [147 L.Ed.2d 24, 35-36].) The Fifth Amendment is not a general protector of privacy. It "protects against 'compelled self-incrimination, not [the disclosure of] private information.' " (*Fisher v. United States* (1976) 425 U.S. 391, 401 [48 L.Ed.2d 39, 50].) Even assuming, without deciding, that the probation search condition is compulsive and that the information obtained is testimonial or communicative in nature, the condition does not in and of itself violate defendant's Fifth Amendment right because it does not authorize the use of any compelled statement in a criminal proceeding. Because the password condition does not purport to authorize the use of any compelled testimonial communication against defendant in a criminal proceeding, it does not violate the Fifth Amendment.

IV

In supplemental briefing, defendant claims that pursuant to the holding in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168, 1172 (*Dueñas*), the portion of the trial court order directing defendant to pay fines and fees should be stayed pending a hearing on his ability to pay.

In *Dueñas*, numerous citations and convictions related to driving without a license resulted in significant fines and fees Dueñas could not pay. Dueñas requested a hearing to determine her ability to pay those costs. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1160-1163.) Following the statutory language, the trial court ruled that the assessments were

5

mandatory and that Dueñas had not shown the " 'compelling and extraordinary reasons' " required to waive the restitution fine. (*Id.* at p. 1163.)

The Court of Appeal reversed, holding that due process prohibits a trial court from imposing court assessments under section 1465.8 and Government Code section 70373, and requires the trial court to stay execution of any restitution fines until it ascertains the defendant's ability to pay those assessments and fines. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) To support this conclusion, *Dueñas* relied on two lines of due process precedent. First, it cited authorities addressing access to courts and waiving court costs for indigent civil litigants. Second, it relied on due process and equal protection authorities that prohibit incarceration based on a defendant's indigence and inability to pay a fine or fee. (*Id.* at pp. 1165-1166, 1168.) The court also concluded that imposing costs on indigent defendants "blamelessly" unable to pay them transformed a "funding mechanism for the courts into additional punishment." (*Id.* at p. 1168.)

The Court of Appeal in *People v. Hicks* (2019) 40 Cal.App.5th 320 (*Hicks*), review granted November 26, 2019, S258946, rejected *Dueñas*'s reasoning, under both lines of due process authority. First, *Hicks* observed that imposition of fees, after a determination of guilt, does not deny criminal defendants access to the courts, and does not interfere with defendant's right to present a defense or challenge a trial court's rulings on appeal. (*Hicks,* at p. 326.) Second, *Hicks* noted *imposition* of fees, without more, does not result in incarceration for nonpayment of fines and fees due to indigence; thus, it does not infringe on that fundamental liberty interest. (*Ibid.*)

*Hicks* went on to conclude that *Dueñas*'s expansion of these due process "foundational pillars" was an incorrect interpretation of due process foundations because it was inconsistent with the principles announced by our Supreme Court and the United States Supreme Court; that imposition of fines and assessments on indigent defendants is not prohibited because the State has a fundamental interest in punishing those who violate the criminal law, and not conferring immunity for such punishment on indigent

6

defendants.  (*Hicks, supra*, 40 Cal.App.5th at p. 327.)  In addition, *Dueñas*'s ruling was inconsistent with the purposes and operation of probation, by relieving an indigent defendant of any duty to make an effort to repay their debt to society and giving defendants a significant period of time in which to repay these financial obligations.  (*Hicks,* at pp. 327-328.)

Other courts have likewise rejected *Dueñas*.  (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1060; *People v. Caceres* (2019) 39 Cal.App.5th 917, 920.)  We find the reasoning in *Hicks* more well-founded and persuasive than *Dueñas*.  Accordingly, we conclude the imposition of fines, fees, and assessments on an indigent defendant does not violate due process and there is no requirement the trial court conduct a hearing on defendant's ability to pay prior to imposing these fines, fees, and assessments.

We also agree with *Hicks* that the fundamental policy question presented by *Dueñas* is difficult.  The challenges of trying to balance the concerns about potential debt traps laid by court imposed fees and punitive fines against the interests of funding the courts and providing restitution to crime victims.  (*Hicks, supra*, 40 Cal.App.5th at pp. 328-329.)  We hope the Legislature will continue to work on resolving this issue.

DISPOSITION

The judgment is affirmed.


_____/s/_____
BLEASE, Acting P. J.


I concur:



_____/s/_____
HOCH, J.

7

ROBIE, J., Concurring and Dissenting.

I concur in all parts of the Discussion except the analysis in part IV. Defendant believes *Dueñas* "calls into question the imposition of a Penal Code section 1202.4 fine, a Penal Code section 1465.8 assessment and a Government Code section 70373 assessment without a determination of a defendant's ability to pay." (*People v. Dueñas* (2019) 30 Cal.App.5th 1157.) I agree with *Dueñas* that principles of due process would preclude a trial court from imposing the restitution fine and assessments at issue if the defendant demonstrates he or she is unable to pay them (*id.* at p. 1168); I do not find the analysis in *Hicks* well-founded or persuasive (*People v. Hicks* (2019) 40 Cal.App.5th 320, 326, rev. granted Nov. 29, 2019, S258946).

Defendant has not forfeited the argument, as the People contend. I agree that, as stated in *Castellano*, a trial court is required to determine a defendant's ability to pay only if the defendant raises the issue, and the defendant bears the burden of proving an inability to pay. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.) In the absence of authority invalidating the challenged fine and assessments on inability to pay at the time the trial court imposed them, however, defendant could not have reasonably been expected to challenge the trial court's imposition thereof. (*People v. Welch* (1993) 5 Cal.4th 228, 237 ["[r]eviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence"].)

I believe a limited remand under *Dueñas* is appropriate to permit a hearing on defendant's ability to pay the challenged fine and assessments because his conviction and sentence are not yet final. (See *People v. Castellano*, *supra*, 33 Cal.App.5th at pp. 490-491.)

                                          /s/
                                          Robie, J.