Filed 8/12/22 P. v. Maiden CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DESHAWN MAIDEN,<br><br>    Defendant and Appellant. | B313407<br><br>(Los Angeles County<br>Super. Ct. No. TA148039) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Shultz, Judge. Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Michael C. Keller and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

In the proceedings below, the trial court imposed on appellant Deshawn Maiden $700 in restitution fines and $560 in fees.  On appeal, appellant contends the court erred in failing to stay the fines and in imposing the fees because the court had no basis to find he could pay them.  We conclude that appellant forfeited this argument by failing to present evidence below of his alleged inability to pay, and that in any case, the trial court was justified in finding appellant could pay from his prison wages.  We therefore affirm.

## STATEMENT OF RELEVANT FACTS

In January 2020, appellant was charged by information with one count of murder; the information alleged that appellant committed the murder with a firearm and for the benefit of, at the direction of, and in association with a gang.  In June 2021, as part of a plea agreement in which the murder count would be dismissed, appellant pled no contest to voluntary manslaughter, which was added to the information, and admitted to using a firearm while committing the offense.

Finding it was required to resentence appellant on a previous case in which he had pled no contest to seven felony robbery counts, the court sentenced appellant to a total of 36 years and 4 months in prison for both cases, but noted he was entitled to a total credit of 2,402 days. Appellant was also ordered to pay $700 in restitution fines, $320 in court operations assessments, and $240 in criminal conviction assessments. Appellant stipulated that he should be required to pay $5,205 to the victim's mother and $5,000 to the victim compensation board.[1]

Appellant's counsel requested that the court "suspend not the actual restitution but the fees because he is indigent and pursuant to *People vs. Dueñas*, he doesn't have the ability to pay those. He has been in custody since at least 2015. So I am requesting the court find he doesn't have the ability to pay for that especially because there will be a large amount of restitution to be paid in this case which will be taken out of his prison earnings." Appellant presented no evidence of his indigency. The court denied the request, finding appellant "does earn money in prison" and "will be able to earn and pay off the restitution fine." Appellant timely appealed.

---

[1] While appellant stipulated to the amount payable to the victim's mother, his counsel refused to do so without seeing documentation supporting the amount. The record is silent on whether counsel stipulated at a later time.

## DISCUSSION

Appellant contends the court erred in failing to stay the $700 in restitution fines and in imposing the $560 in fees because the court lacked a basis to find he could pay them. We conclude appellant forfeited this argument by failing to present evidence of his indigency.

In *People v. Dueñas* (2019) 30 Cal.App.5th 1157, our colleagues in Division Seven found unconstitutional a court's imposition of fines and fees on an indigent and homeless mother who was guilty of driving with a suspended license and who lacked the ability to pay. (*Id.* at 1160.) *Dueñas* did not specify who bore the burden of proving the defendant's ability to pay. Two months later, in *People v. Castellano* (2019) 33 Cal.App.5th 485, the same court held that the defendant bore the burden. (*Id.* at 490 ["a defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court"].) Other courts have agreed. (See, e.g., *People v. Kopp* (2019) 38 Cal.App.5th 47, 96, review granted Nov. 13, 2019, S257844 ["it is Appellants' burden to make a record below as to their ability to pay these assessments"]; *People v. Cowan* (2020) 47 Cal.App.5th 32, 49, review granted Jun. 17, 2020, S261952 [defendant bears burden of proof to demonstrate inability to pay].) Assuming, without deciding, that *People v. Dueñas*

4

was correctly decided, we agree that it is the defendant who bears the burden of proof.[2]

While appellant's counsel asserted he was indigent, no evidence was presented to support the contention. Accordingly, appellant forfeited any challenge to his sentence premised on his inability to pay. (See *People v. Avila* (2009) 46 Cal.4th 680, 729 [defendant forfeited argument trial court erred in imposing fine without considering ability to pay by failing to adduce evidence of inability].)

Moreover, were we to consider appellant's argument, we would reject it. Appellant's counsel implied that appellant was earning wages in prison by pointing out that court-ordered restitution would be deducted from appellant's "prison earnings." "'"Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's present ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody.'" (*People v. Aviles* (2019) 39

---

[2] We recognize that our Supreme Court is currently reviewing both issues. (*People v. Kopp, supra*, Supreme Court Mins. Nov. 13, 2019 ["The issues to be briefed and argued are limited to the following: Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?"].)

Cal.App.5th 1055, 1076.)  Appellant was a 26-year-old man with no identified infirmities precluding him from earning wages while imprisoned and thereafter.  The trial court did not err in inferring appellant's ability to pay from his probable future wages, including his prison earnings.  (See *ibid.*)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, P. J.


We concur:


WILLHITE, J.


COLLINS, J.