Filed 6/13/23  P. v. Rodas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ALVARO RODAS,<br><br>     Defendant and Appellant. | C096504<br><br>(Super. Ct. No. 17FE021142) |

Defendant Alvaro Rodas's sole argument on appeal is that the trial court erred in imposing certain fines and fees without complying with *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  Defendant's argument fails for three reasons.  First, defendant has forfeited this issue by failing to raise *Dueñas* below.  Second, the trial court implicitly determined defendant's ability to pay when it imposed a $10,000 restitution fine.  Finally, defendant's *Dueñas* argument fails because we disagree with that decision.  Accordingly, we will affirm.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

The People's amended information charged defendant with 36 counts of child sex abuse, possession of child pornography, and other crimes. On June 28, 2021, defendant resolved this matter by entering conditional pleas of no contest to 11 specified counts, admitting the multiple victim allegations, and waiving his appellate rights; in exchange, defendant would receive a stipulated aggregate term of 130 years to life, and the remaining counts would be dismissed. The stipulated factual basis for defendant's pleas was both the preliminary hearing transcript, as well as the facts as set forth by the People at the plea hearing, which are not recounted here given the limited scope of defendant's appellate arguments.

On June 17, 2022, the trial court denied defendant's motion to withdraw his plea. The court then sentenced him in accordance with the plea agreement to an aggregate term of 130 years to life, and the remaining counts were dismissed. As to the fines and fees, defendant acknowledged the mandatory nature of the restitution fine, but requested reduction to the statutory minimum. Defendant also requested minimization or waiver of the remaining fines and fees "to the greatest extent possible," arguing he would not have a source of funds because of his incarceration. He did not raise *Dueñas* or suggest that imposition of the mandatory fines and fees would violate the constitution. Thereafter, the trial court imposed a $10,000 restitution fine (Pen. Code § 1202.4) (undesignated statutory references are to the Penal Code), a matching, stayed $10,000 parole revocation restitution fine (§ 1202.45), a $440 court operations assessment fee ($40 times 11) (§ 1465.8), and a $330 court facility fee ($30 times 11) (Gov. Code, § 70373). The court waived "[a]ny and all other fines and fees." Defendant did not object to the fines and fees portion of the court's decision, but indicated he would appeal the denial of his motion to withdraw his plea.

Defendant timely appealed and received a certificate of probable case. Appellate briefing in this case concluded on March 23, 2023.

## DISCUSSION

Defendant complains the trial court's failure to determine his ability to pay the fines and fees imposed violates *Dueñas* requiring this court vacate the fees and stay the restitution fine imposed unless and until the People prove defendant is able to pay them. Defendant's failure to raise *Dueñas* in the trial court has forfeited this issue on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve a sentencing issue for appellate review the defendant must raise it in the trial court].)

Further, even if we were to address the merits of defendant's arguments, they fail. The trial court implicitly determined defendant's ability to pay when it imposed a $10,000 restitution fine over defendant's request to minimize fines and fees, while waiving the discretionary ones. (§ 1202.4, subds. (c), (d).) Having determined defendant was able to pay the $10,000 restitution fine, we do not believe the trial court would have determined defendant was unable to pay the court operations and court facility fees imposed.

Finally, regarding the *Dueñas* decision itself, the Courts of Appeal are split as to whether *Dueñas* was correctly decided. Our Supreme Court must resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which concluded due process requires the trial court to conduct an ability to pay hearing before imposing assessments but not restitution fines. (*Id.* at pp. 95-96.)

In the meantime, we join the court in *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946, and several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in this proceeding. (*People v.*

3

*Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)  Accordingly, defendant's claim on appeal fails.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

I concur:

_____

RENNER, J.

4

MESIWALA, J., Dissenting.

I respectfully dissent. *Dueñas* was correctly decided. Under *Dueñas*, fines, fees, and assessments cannot be imposed on an indigent defendant, or must be stayed in the case of a mandatory restitution fine under Penal Code section 1202.4,[1] unless there is a determination that the defendant has the ability to pay. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168, 1172.) A trial court must make that determination when the defendant contests ability to pay. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.)

Here, defendant requested "that the fines and fees be minimized to the greatest extent possible, as [he] will be incarcerated, and he will not have, really, a source of funds." Under *Dueñas*, this request was sufficient to contest defendant's ability to pay and to require the court to "conduct an ability to pay hearing and ascertain . . . defendant's ability to pay before it impose[d]" the fees, fines, and assessments. (*People v. Kopp* (2019) 38 Cal.App.5th 47, 95 [agreeing with *Dueñas* as to this requirement].) Without requiring any showing of ability to pay or lack thereof, the trial court imposed the maximum restitution fine of $10,000 (§ 1202.4), a stayed parole revocation fine in the same amount (§ 1202.45), a $440 court operation assessment (§ 1465.8), and a $330 court facility fee (Gov. Code, § 70373). The court waived all other fines and fees. The court erred by not conducting the inquiry that *Dueñas* demands. And such an inquiry and finding cannot be implied because there is no evidence of ability to pay.

On appeal, the People must show that error was harmless beyond a reasonable doubt. (*People v. Taylor* (2019) 43 Cal.App.5th 390, 403.) The People have not met this burden. According to the record, defendant was 50 years old at the time of sentencing, was sentenced to 130 years to life in prison, and his employment status, income sources, and psychological and mental health are unknown. In the trial court, the People did not

---

[1] Undesignated statutory references are to the Penal Code.

1

point to any evidence in the record and argue that defendant would be able to work in prison, nor was defendant given an opportunity to rebut such evidence and arguments.

For these reasons, I would vacate the fines, fees, and assessments above and remand for the trial court to determine defendant's ability to pay based on evidence and arguments of the parties.

MESIWALA, J.