Filed 4/7/25  P. v. Green CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C100762 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 62189279, 62189755) |
| v. | |
| ERIK HERMANN GREEN, | |
| Defendant and Appellant. | |

A jury found defendant Erik Hermann Green guilty of six offenses in one case, and he later pled no contest to a seventh offense in a second case.  Prior to sentencing for the first case, defendant asked the trial court to "impose the minimum" restitution fine of $300, pursuant to Penal Code[1] section 1202.4, subdivision (b), rather than the maximum $10,000 fine recommended by the probation officer.  The court granted defendant's request and imposed a $300 fine for each case.

---

[1] Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends the trial court should have stayed the restitution fine until the People proved defendant had the ability to pay the fine. Defendant also contends the trial court should not have imposed the court operations assessment of $280 (§ 1465.8) or the criminal conviction assessment of $210 (Gov. Code, § 70373) without the People having proved his ability to pay those amounts. The People respond that defendant forfeited these arguments by not objecting to the imposed fines and assessments in the trial court. The People alternatively contend that defendant failed to carry his burden to establish his inability to pay, the record indicates defendant did have the ability to pay, and the two small fines are not excessive under the Eighth Amendment.

We conclude defendant forfeited his contentions by not objecting to the imposed fines and assessments in the trial court and, even overlooking the forfeiture, defendant failed to carry his burden to establish that he could not pay the fines. We will affirm the judgment.

## I. BACKGROUND

In Placer County case No. 62189755, a jury found defendant guilty of two counts of unlawful sexual intercourse with a minor, furnishing an alcoholic beverage to a minor, furnishing marijuana to a minor over 14 years of age, oral copulation of a person under 18 years of age, and sexual penetration with a person under 18 years of age. Defendant filed a sentencing brief stating: "Probation has recommended a $10,000 fine. The defendant is now indigent and does not have the ability to pay a fine. The defendant respectfully requests the Court to impose the minimum fine." Defendant refused to participate in an interview with the probation officer and did not offer any evidence suggesting he lacked the ability to pay the fine. Instead, the mitigation evidence defendant submitted established that he had been a successful project manager in the commercial construction industry and had worked at a prison camp during his imprisonment for a prior federal offense.

2

At the first sentencing hearing for case No. 62189755, defendant's counsel reiterated his opposition to the recommended $10,000 restitution fine:  "One thing that we did not discuss was the probation [department]'s recommendation for a fine.  They recommended [a] $10,000 fine.  [¶]  My client is indigent, and under *People v. Dueñas* [(2019) 30 Cal.App.5th 1157], the People are required to put on evidence that he has the ability to pay that type of fine before the Court would impose it, and so I would -- I think I've objected to the imposition of a fine, but I wanted to bring that case to the Court's attention, related to the fine, if the Court was thinking of imposing it."  Defendant again did not provide evidence to support his counsel's argument that he could not pay the $10,000 fine.  Defendant's father told the court that defendant had "a car that's got insurance and registration" and "a lucrative job to go back to."  The trial court indicated its intent to impose only the $300 minimum restitution fine, plus a $240 court operations assessment and a $180 criminal conviction assessment, but then continued the hearing for further briefing on a different sentencing issue.  Defendant did not object to the proposed $300 fine or the proposed assessments when the court asked the parties for any other arguments they wanted to make at the next hearing.

At the next sentencing hearing for case No. 62189755, the court imposed the $300 restitution fine, the $240 court operations assessment, and the $180 criminal conviction assessment.  Defendant did not object.

Defendant then pled no contest in Placer County case No. 62189279 to possessing ammunition while prohibited from possessing a firearm.  Defendant waived his right to have another probation report prepared.  The trial court then held another sentencing hearing to impose one aggregate sentence for both cases.  For case No. 62189755, the court imposed the same restitution fine and assessments, again without objection.  For case No. 62189279, the court imposed the minimum $300 restitution fine, a $40 court operations assessment, and a $30 criminal conviction assessment, without objection.

3

Defendant filed a timely notice appealing from the judgment after the trial court sentenced him in case No. 62189755. After defendant was sentenced in both cases, defendant filed another notice, indicating he appealed from the subsequent judgment in case No. 62189755. We granted defendant's request to construe the second notice of appeal to include case No. 62189279.

## II. DISCUSSION

Relying on *People v. Dueñas*, *supra*, 30 Cal.App.5th at page 1157 (*Dueñas*), defendant contends the trial court erred by imposing the $300 restitution fine in case No. 62189755 and the assessments in both cases without the People first proving he had the ability to pay the amounts imposed. We conclude defendant forfeited these arguments by not objecting to the amounts imposed by the trial court. Further, even if we were broadly to construe defendant's objection to the probation department's recommended $10,000 restitution fine to also include the minimum $300 fine that was imposed, we conclude defendant failed to carry his burden to prove he lacked the ability to pay the $300 fine.

A.     *Forfeiture*

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880.) This rule applies to alleged sentencing errors, including the imposition of restitution fines under section 1202.4. (*People v. Avila* (2009) 46 Cal.4th 680, 729 ["Had defendant brought his argument to the court's attention, it could have exercised its discretion and considered defendant's ability to pay, along with other relevant factors, in ascertaining the fine amount"].) Even courts following *Dueñas* have held that, "[c]onsistent with *Dueñas*, a defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees[,] and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court." (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490; see also *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1052-1054

4

[*Dueñas* arguments forfeited by failure to raise in trial court]; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1155 [same].) By failing to object to the imposition of the restitution fine, the court operations assessment, and the criminal conviction assessment at any of his three sentencing hearings, defendant forfeited the right to raise the issue on appeal.

B.      *Failure to Carry Burden of Proof*

Though defendant explicitly asked the court to impose a $300 restitution fine in case No. 62189755, defendant nevertheless argues that his trial counsel preserved the issue by invoking *Dueñas* while objecting to the probation officer's recommendation to impose a $10,000 restitution fine. Even if we accept this argument, we conclude defendant failed to carry his burden of proving his inability to pay the $300 fine.

The defendant bears the burden of proving his inability to pay a restitution fine. (*People v. Castellano*, *supra*, 33 Cal.App.5th at p. 490; Evid. Code, § 500; see also *People v. Frandsen*, *supra*, 33 Cal.App.5th at p. 1154 ["Given that the defendant is in the best position to know whether he has the ability to pay, it is incumbent on him to object to the fine and demonstrate why it should not be imposed"]; *People v. Kopp* (2019) 38 Cal.App.5th 47 [review granted on which party bears the burden of proof regarding defendant's inability to pay], review granted Nov. 13, 2019, S257844.) "When the trier of fact has expressly or implicitly concluded that the party with the burden of proof failed to carry that burden and that party appeals, it is somewhat misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment. This is because such a characterization is conceptually one that allows an attack on (1) the evidence supporting the party who had no burden of proof, and (2) the trier of fact's unassailable conclusion that the party with the burden did not prove one or more elements of the case. [Citations.] Thus, where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law." (*Shaw v. County of Santa Cruz* (2008) 170

5

Cal.App.4th 229, 279.)  To compel a finding in defendant's favor, his evidence must be: (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." (*Roesch v. De Mota* (1944) 24 Cal.2d 563, 571.)

Here, defendant offered no evidence of his inability to pay the $300 fine.  To the contrary, the evidence suggests defendant has the ability to pay $300.  For example, defendant's mother told the trial court that he was a successful project manager in the commercial construction industry and worked at a prison camp during his imprisonment for a prior federal offense.  And defendant's father told the court that defendant had "a car that's got insurance and registration" and "a lucrative job to go back to."  This evidence does not compel a finding in favor of defendant as a matter of law.

Defendant's argument that his "indigence at the onset of his appeal is critical evidence that he had no ability to pay the fines and fees when they were imposed at the time of sentencing," fails under basic rules of appellate practice.  The application for appointment of counsel defendant submitted to this court several months after the final sentencing hearing is not part of the record, nor was it before the trial court.  Accordingly, it cannot serve as a basis for reversing the trial court's decision.  (9 Witkin, Cal. Proc. (6th ed. 2024) Appeal, § 354 [documents not offered in trial court "cannot be included in the record on appeal" and "[i]t is improper to set them forth in briefs or oral argument, [as] they are outside the scope of review"]; accord, *People v. Jacinto* (2010) 49 Cal.4th 263, 272, fn. 5 [" 'normally "when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered" ' "]; *Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1106 ["A trial court's failure to consider evidence not before it (such as [a declaration dated after the order in question]) is not, and cannot be, error"].)  It would also be unfair to consider new evidence from defendant on appeal when, by failing to request a hearing or offer evidence in the trial court, he denied

the People the opportunity to cross-examine him or offer opposing evidence. (See *Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1538 [deciding to bring forth evidence only when opposing party would have no opportunity to respond is "simply unfair"].) In any event, defendant's declaration is neither "uncontradicted and unimpeached," given his parents' description of his income and assets, nor "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." (*Roesch v. De Mota*, *supra*, 24 Cal.2d at p. 571.)

We conclude that even if we disregard defendant's forfeiture of the issue, he has failed to establish that the trial court erred by imposing the $300 restitution fine in case No. 62189755.

### III. DISPOSITION

The judgment is affirmed.

/s/_____
WISEMAN, J.[*]

We concur:

/s/_____
ROBIE, Acting P. J.

/s/_____
RENNER, J.

_____

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.