Filed 7/27/21  P. v. Blue CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B310450 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA066161-02) |
| v. | |
| ANTHONY MERU BLUE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa M. Chung, Judge.  Affirmed.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Anthony Meru Blue appeals from the judgment entered following a resentencing hearing, ordered by this court in a prior appeal, at which the trial court declined to strike the five-year prior serious felony enhancement it had imposed pursuant to Penal Code section 667, subdivision (a), when it originally sentenced Blue and found that Blue had the ability to pay the fines, fees and assessments imposed at his original sentencing hearing. No arguable issues have been identified following review of the record by Blue's appointed appellate counsel or our own independent review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Blue was convicted following a jury trial of kidnapping to commit robbery (Pen. Code, § 209, subd. (b)(1)) and second degree robbery (Pen. Code, § 211), with a true finding he had personally used a firearm in committing the offenses (Pen. Code, § 12022.53, subd. (b)), as well as possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)).[1] Blue admitted he had been convicted of a prior serious felony within the meaning of Penal

---

[1] As summarized in our nonpublished opinion in Blue's first appeal (*People v. Russell* (Jan. 31, 2018, B276650), Blue and his confederate, Leqwone Q. Russell, robbed the clerk in a gas station convenience store. After the clerk gave Blue money from the cash register, Blue walked the clerk at gunpoint to the office in the back of the store to search for more money. When the clerk did not comply with Blue's orders, Blue struck him in the head with the gun barrel. Although Blue and the clerk initially returned to the front of the store, Blue forced the clerk to go to the back office once again in an unsuccessful effort to dismantle the surveillance cameras. On appeal Blue and Russell argued the forced movement of the clerk was insufficient to support the charge of kidnapping to commit robbery.

Code section 667, subdivision (a), and the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12).

At a sentencing hearing on August 5, 2016 the court imposed an aggregate indeterminate second-strike sentence of 29 years to life.  In addition, the court imposed $551 in fines, fees and assessments:  a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)) and a $30 court facilities assessment (Gov. Code, § 70373) on each of the three counts; a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)); a $10 crime prevention fine (Pen. Code, § 1202.5); and a $29 penalty assessment (Pen. Code, § 1464, subd. (a)) with a $2 surcharge (Pen. Code, § 1465.7, subd. (a)).  The court also imposed and stayed a $300 parole/postrelease community supervision revocation fine (Pen. Code, § 1202.45).

On appeal we affirmed the convictions, but vacated the sentence and remanded to the trial court for resentencing to allow the trial court to exercise its discretion whether to strike the 10-year firearm enhancement pursuant to Senate Bill No. 620 (Stats. 2017, ch. 682, § 2(h)), which became effective January 1, 2018 while Blue's case was on appeal.  (*People v. Russell* (Jan. 31, 2018, B276650) [nonpub. opn.].)

On remand the trial court declined to strike the enhancement.  Blue again appealed.  We affirmed the trial court's decision but again remanded the case, this time to allow the trial court to exercise its discretion whether to strike the Penal Code section 667, subdivision (a), prior serious felony enhancement pursuant to Senate Bill No. 1393 (Stats. 2018, ch. 1013, § 1), effective January 1, 2019, and to give Blue the opportunity to demonstrate his inability to pay the fines, fees and assessments imposed at sentencing, as provided by our decisions in *People v.*

*Castellano* (2019) 33 Cal.App.5th 485 and *People v. Dueñas* (2019) 30 Cal.App.5th 1157. (*People v. Blue* (Apr. 6, 2020, B293575) [nonpub. opn.].)

On remand the trial court denied Blue's motion to strike the Penal Code section 667, subdivision (a), enhancement and found Blue had the ability to pay the fines, fees and assessments. As to the five-year enhancement imposed pursuant to Penal Code section 667, subdivision (a), the court, after noting Blue's youth at the time of the offenses, as well as some mental health issues, stated, "But given the overall pattern of predatory and violent conduct, both relating to the facts of this incident case, as well as the prior history, the court does not find that it would be in the interest of justice to strike the 667(a)(1) prior." With respect to Blue's challenge to the fines, fees and assessments, the court explained Blue could earn money in prison and the fines and fees assessed "were minimal, especially given his indeterminant life sentence."

During the resentencing hearing, Blue requested "a *Marsden* hearing" (*People v. Marsden* (1970) 2 Cal.3d 118) in order to replace his appointed counsel. At the closed hearing on Blue's request, Blue complained he was having difficulty communicating with his public defender by email or telephone. Asked by the court to respond, defense counsel explained he usually communicated with clients in state prison by letter, followed that practice in this case, provided Blue with a copy of the motion that was presented to the court regarding Senate Bill No. 1393 and the *Dueñas* issue, and asked Blue if he had anything to add. Counsel also said, other than asking what effect the policy changes in the District Attorney's Office might have on his case, Blue had no questions or comments and had never

4

complained about a lack of communication. The court denied the *Marsden* motion, finding defense counsel was performing competently and there had been no breakdown in the attorney-client relationship.

Blue filed a timely notice of appeal from the judgment.

## DISCUSSION

We appointed counsel to represent Blue on appeal. After reviewing the record, counsel filed a brief raising no issues. On June 3, 2021 counsel wrote Blue and advised him that counsel intended to file a no-issue brief and that Blue personally could submit his own supplemental letter brief in which he identified any contentions or issues he wished us to consider. We sent a similar notice to Blue on June 3, 2021, explaining any supplemental brief must be filed within 30 days. We have received no response.

We have reviewed the entire record in this case, including the confidential reporter's transcript of the *Marsden* hearing, and are satisfied appellate counsel for Blue has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.                    FEUER, J.

5