Filed 12/13/21  P. v. Gonzalez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C092899 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CR001653) |
| v. | |
| MICHELE LYNN GONZALEZ, | |
| Defendant and Appellant. | |

Defendant Michele Lynn Gonzalez pled no contest to voluntary manslaughter and was sentenced to six years in prison.  The court also imposed a restitution fine, criminal conviction assessment, and court operations assessment.  On appeal, defendant contends pursuant to the holding in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the imposition of the restitution fine and court assessments violates her constitutional rights because there was no determination of her ability to pay.  Finding defendant forfeited this argument, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant stabbed her boyfriend in the chest with scissors during an argument; he later died from the stab wounds.  Defendant was charged with murder (Pen. Code, § 187,

subd. (a)), and voluntary manslaughter (Pen. Code, § 192, subd. (a)). On February 26, 2020, defendant pled no contest to voluntary manslaughter and the murder charge was dismissed.

On October 13, 2020, the trial court sentenced defendant to six years (midterm) in prison. The court asked defense counsel to waive formal reading "of the remaining terms and conditions, including fines and fees," and counsel agreed. The trial court imposed the fines and fees recommended in the probation report, which included a $1,800 restitution fine, a $1,800 stayed parole revocation restitution fine, a $30 conviction assessment, and a $40 court operations assessment.

DISCUSSION

Relying on *Dueñas*, defendant argues the trial court violated her right to due process and equal protection under the United States and California Constitutions by imposing a restitution fine and additional fees without considering her ability to pay. She also asserts the restitution fine and additional fees violated the ban on excessive fines under the United States and California Constitutions. Alternatively, if she forfeited either issue by failing to object at sentencing, she contends reversal is required based on ineffective assistance of counsel. The People assert forfeiture because *Dueñas* was decided nearly 21 months prior to defendant's sentencing.

Defendant forfeited her challenge to the fines, fees, and assessment because the resentencing hearing was held after *Dueñas* was decided; there was thus authority for requesting an ability-to-pay hearing at the time of the resentencing hearing, and defendant failed to do so. (Cf. *People v. Castellano* (2019) 33 Cal.App.5th 485, 489.)

To establish ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai*

2

(2013) 57 Cal.4th 986, 1009.) On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Ibid.*)

Defendant points to nothing in the record as to why defense counsel failed to object to the imposition of the fines, fees, and assessment; and the record does not affirmatively disclose that counsel had no tactical purpose for doing so. Perhaps counsel had a reason to conclude defendant could pay the $1,870 in fines and fees. Defendant's prejudice analysis, moreover, does not show a reasonable probability that the outcome would have been different had her counsel objected. Defendant relies on her asserted poor health and her being "represented by appointed counsel," but notes she had been receiving $921 per month in disability benefits during that time. This does not meet defendant's burden of showing resulting prejudice.

## DISPOSITION

The judgment is affirmed.

/s/ _____
Robie, Acting P. J.


We concur:


/s/ _____
Mauro, J.


/s/ _____
Renner, J.

3