Filed 12/30/21  P. v. Jones CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>GREGORY ARTHUR JONES,<br><br>      Defendant and Appellant. | H047180<br>(Santa Clara County<br> Super. Ct. No. B1688567) |

Defendant Gregory Arthur Jones pleaded no contest to two driving under the influence offenses and admitted several sentencing enhancement allegations, set forth in detail below.  The trial court, after granting Jones's *Romero*[1] motion as to one of two strike prior offenses, sentenced him to a total term of 14 years in state prison.

On appeal, Jones argues:  (1) he is entitled to a remand for resentencing for the trial court to exercise its discretion, pursuant to the post-sentencing enactment of Senate Bill No. 1393, to strike a serious felony enhancement; and (2) the trial court erred by failing to hold a hearing on his ability to pay before imposing certain fines, fees, and assessments.

Due to a change in the law following the close of briefing, we requested supplemental briefing from the parties as to the effect of Assembly Bill No. 1869 (2019-2020 Reg. Sess.) on the appeal, specifically its repeal of former Government Code section 29550 et seq., as well as its enactment of Government Code section 6111.

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

As detailed below, we conclude that Jones is entitled to remand in order to seek relief under Senate Bill No. 1393, at which time he may also request a hearing on his ability to pay. We will also direct the trial court to vacate the portions of the now-repealed criminal justice administration fee that were unpaid as of July 1, 2021.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Procedural background*

On October 7, 2016, the Santa Clara County District Attorney filed a felony complaint charging Jones with driving under the influence (DUI) of alcohol and causing injury to another (Veh. Code, § 23153, subd. (a); count 1), and DUI with a blood alcohol level of 0.08 percent and causing injury to another (Veh. Code, § 23153, subd. (b); count 2). The complaint further alleged that, in the course of committing counts 1 and 2, Jones personally inflicted great bodily injury on the victim (Pen. Code, §§ 1203, subd. (e)(3), 12022.7),[2] and had three prior strike convictions (§§ 667, subds. (b)-(i), 1170.12), two of which also qualified as prior serious felony convictions (§ 667, subd. (a)).[3] At Jones's change of plea hearing on September 8, 2017, the trial court expressly advised Jones that he faced a "minimum sentence [of] 25 years to life," if his *Romero* motion were denied.[4] After Jones replied that he understood, he pleaded no contest to both counts in the amended complaint, admitted the great-bodily-injury enhancement allegations, and admitted the prior strike and prior serious felony conviction allegations.

---

[2] Unspecified statutory references are to the Penal Code.

[3] The prosecution subsequently amended the complaint to allege one, not two, prior serious felony conviction (§ 667, subd. (a)).

[4] Jones also initialed the relevant paragraphs of the advisement of rights, waiver, and plea form acknowledging his understanding that this was both the maximum and the mandatory minimum sentence for the charges as alleged.

At sentencing on March 15, 2018, the trial court found that Jones only had two strike priors, not three, and dismissed one of those two strikes pursuant to Jones's *Romero* motion.  The court sentenced Jones to a total term of 14 years in prison, as follows:  (1) six years on count 1 (Veh. Code, § 23153, subd. (a)) (the upper term of three years doubled due to the strike prior) (§§ 667, subds. (b)-(i), 1170.12); (2) a consecutive three year term on the great-bodily-injury enhancement (§§ 1203, subd. (e)(3), 12022.7); and (3) a consecutive five year term on the prior serious felony conviction (§ 667, subd. (a)).  The court imposed, but stayed pursuant to section 654, a six year term on count 2 (Veh. Code, § 23153, subd. (b)) (the upper term of three years doubled due to the strike prior) (§§ 667, subds. (b)-(i), 1170.12), a consecutive three-year term on the great-bodily-injury enhancement allegation (§§ 1203, subd. (e)(3), 12022.7), and a consecutive five-year term on the prior serious felony conviction (§ 667, subd. (a)).  The court awarded 585 days of credit for time served, consisting of 509 days of custody credit and 76 days of conduct credit under section 2933.1.

The court imposed the following fines and fees:  (1) a $300 restitution fine (§ 1202.4, subd. (b)); (2) a $300 parole revocation fine (§ 1202.45), stayed pending completion of parole; (3) a $80 court operations assessment (§ 1465.8); (4) a $60 criminal conviction assessment (Gov. Code, § 70373); (5) an $8 Emergency Medical Air Transportation Act fee (Gov. Code, § 76000.10); (6) a $20 county alcohol testing penalty (§ 1463.14, subd. (b)); (7) a $50 alcohol abuse education and prevention assessment (Veh. Code, § 23645); (8) a $129.75 criminal justice administration fee (former Gov. Code, §§ 29550, 29550.1, 29550.2); and (9) restitution to the City of Sunnyvale in the amount of $2,226.81.  The court also imposed a $400 general fund fine plus $1,240 in penalty assessments in connection with count 1.

On October 5, 2018, Jones filed a pro se motion to dismiss the five-year prior serious felony conviction enhancement (§ 667, subd. (a)), under Senate Bill No. 1393, which amended sections 667 and 1385 to give trial courts discretion to strike prior serious

3

felony convictions. On November 30, 2018, the trial court elected to treat the motion as a petition for writ of habeas corpus, and denied it on two grounds: (1) the petition was premature as the statutory amendments had not yet become law;[5] and (2) because Jones had not timely appealed from the March 15, 2018 judgment against him, that judgment was final and Senate Bill No. 1393's amendments did not apply to final judgments.

On December 3, 2019, we granted Jones's motion for relief from default and gave him permission to file a late notice of appeal. Jones filed a notice of appeal on January 18, 2019 and again on December 9, 2019.

## B.     Factual background[6]

On August 13, 2016, Sunnyvale police officers responded to a report of a crash between an automobile and a motorcycle. A witness reported that Jones drove his automobile through a red light and collided with a motorcycle in the intersection. When officers contacted Jones at the scene, they smelled alcohol and noticed his speech was slurred. Officers observed that Jones's eyes were glassy and bloodshot. After Jones refused to take a preliminary alcohol screening test, he was arrested and booked into county jail where breath samples were taken. According to the breath tests, Jones had a blood alcohol content of 0.10 at 10:38 a.m. and 0.09 at 10:42 a.m.

The victim was transported to the hospital and subsequently told officers that as a result of the collision, he suffered a broken sternum, broken ribs, broken collarbone, torn ligaments in his left shoulder, a punctured lung, a concussion, a broken right foot, and a separated shoulder.

---

[5] Senate Bill No. 1393's amendments to section 667, subdivision (a) and section 1385, subdivision (b) took effect January 1, 2019. (Stats. 2018, ch. 1013, §§ 1-2.)

[6] Because this appeal arises from a judgment entered following a plea, we derive the summary of facts from the probation report.

4

## II. DISCUSSION

### A. Senate Bill No. 1393

Jones argues that his case should be remanded to allow the trial court to exercise its discretion to strike the section 667, subdivision (a) enhancement in light of Senate Bill No. 1393 (Stats. 2018, ch. 1013, § 1) which came into effect after sentence was imposed. The Attorney General concedes that the statute applies to all cases which are not yet final, including Jones's, but argues a remand is unnecessary in this case because the trial court made clear that it would not dismiss Jones's prior serious felony conviction even if it had the discretion to do so. We agree that Jones is entitled to the benefit of the amended statute, but disagree with the People that remand is unnecessary.

The trial court imposed five-year enhancement terms based on Jones's prior serious felony conviction for kidnapping (§ 207, subd. (a)). At the time of sentencing, the trial court was required to impose a five-year consecutive term under section 667, subdivision (a) when a prior serious felony conviction enhancement was found true under that provision. (Former § 667, subd. (a).) "On September 30, 2018, the Governor signed Senate Bill No. 1393 which, effective January 1, 2019, amend[ed] sections 667[, subdivision] (a) and 1385[, subdivision] (b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1-2.)" (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971.) Senate Bill No. 1393's elimination of "the prior restriction on the court's ability to strike a serious felony enhancement in furtherance of justice constitutes an ameliorative change within the meaning of [*In re*] *Estrada* [(1965) 63 Cal.2d 740]," and therefore the amendments apply retroactively to cases that were not yet final on January 1, 2019. (*People v. Stamps* (2020) 9 Cal.5th 685, 699.)

A "remand [for resentencing] is required unless the record shows that the trial court clearly indicated when it originally sentenced the defendant that it would not in any event have stricken a[n] . . . enhancement." (*People v. McDaniels* (2018) 22 Cal.App.5th

5

420, 425.) The salient question is whether the trial court "express[ed] its intent to impose the maximum sentence permitted." (*Id*. at p. 427.) "When such an expression is reflected in the appellate record, a remand would be an idle act because the record contains a clear indication that the court will not exercise its discretion in the defendant's favor." (*Ibid*.) Without a clear indication of the trial court's intent, remand is required. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*).) Therefore, we must review the record to determine whether remand is required or if it "would be an idle act." (*People v. Flores* (2020) 9 Cal.5th 371, 432.)

In this case, the record does not " 'clearly indicate[]' " whether the trial court would have decided to strike the prior serious felony conviction enhancements had it the discretion to do so. (*Gutierrez*, *supra*, 58 Cal.4th at p. 1391.) The trial court sentenced Jones with both lenity and severity. It imposed the upper term on count 1 and imposed, but stayed pursuant to section 654, the upper term on count 2, which suggests it would not be inclined to strike the sentencing enhancement. On the other hand, the trial court did strike one of Jones's two strike priors, which suggests that it was not determined to impose the maximum permissible sentence of 25 years to life, plus eight years consecutive. On this record, we determine that remand is necessary so that Jones can seek relief under Senate Bill No. 1393.

### B. *Ability to pay hearing*

Jones also argues that, before the trial court imposed fines and fees at sentencing, he was entitled to a hearing on his ability to pay, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157. The Attorney General, after acknowledging that Jones has not forfeited the argument by failing to object at sentencing, argues that *Dueñas*'s due process analysis is inappropriate and that the "proper analytic framework is that of the excessive fines clause of the Eighth Amendment."

The holding in *Dueñas* is the subject of competing views in the appellate courts, including different panels within our own district. (See, e.g., *People v. Santos* (2019) 38

6

Cal.App.5th 923, 927 [applying the "principles articulated [in *Dueñas*]"]; *id*. at pp. 935-940 (dis. opn. of Elia, J.); *People v. Adams* (2020) 44 Cal.App.5th 828, 832 [concluding that "*Dueñas* was wrongly decided"]; *id*. at pp. 832-833 (dis. opn. of Premo, J.); *People v. Petri* (2020) 45 Cal.App.5th 82, 90 [finding that *Dueñas* was not "persuasive"]; *id*. at p. 95 (conc. & dis. opn. of Premo, J.).) The California Supreme Court has granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, to determine whether an ability to pay hearing is required before imposing fines and fees. Because we are remanding this matter for resentencing, we need not address Jones's *Dueñas* challenge.[7] On remand, Jones may request a hearing on his ability to pay any fines or fees. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490-491 [remanding for hearing on defendant's *Dueñas* challenge and ability to pay fines and fees].)

*C. Ameliorative changes to fines, fees, and assessments*

As of July 1, 2021, the criminal justice administration fee statutes were repealed, and newly-enacted Government Code section 6111 became effective. Government Code section 6111 provides: "(a) On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated. [¶] (b) This section shall become operative on July 1, 2021."

Because this change in the law became effective after the parties had submitted their briefs in this matter, we requested supplemental briefing on the question of the

---

[7] Further, we need not engage in an excessive fines analysis since Jones did not raise the Eighth Amendment in his opening brief, nor did he respond to the Attorney General's excessive fines argument in his reply.

effect of the repeal of former Government Code section 29550 et seq. and the enactment of Government Code section 6111 on this pending appeal.

In response to our request for supplemental briefing, Jones argues that the unpaid portion of the criminal justice administration fee is uncollectible and he is entitled to having that part of the judgment vacated pursuant to *In re Estrada*, *supra*, 63 Cal.2d 740. The Attorney General agrees, as do we.

Pursuant to the plain language of Government Code section 6111, the unpaid balance of the criminal justice administration fee is unenforceable and uncollectible, and the portion of the judgment imposing that fee must be vacated. (*People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953.) Accordingly, we will direct the trial court to modify the judgment as mandated by the new law.

## III. DISPOSITION

The judgment is reversed. The matter is remanded for the limited purpose of permitting the trial court to determine whether to strike the Penal Code section 667, subdivision (a) enhancement under Penal Code section 1385 and to conduct a hearing on defendant's ability to pay. The portion of any criminal justice administration fee that remained unpaid as of July 1, 2021, is vacated. If the trial court strikes the enhancement, it shall resentence defendant after conducting the ability to pay hearing. If the trial court declines to strike the enhancement, the judgment shall be reinstated except as to any modification of fines and fees, and any vacated criminal justice administration fees. The trial court is directed to prepare a new abstract of judgment for the Department of Corrections and Rehabilitation reflecting the vacatur of criminal justice administration fees and any other modifications of sentence.

8

_____
                              Wilson, J.


WE CONCUR:



_____
           Greenwood, P.J.



_____
           Lie, J.


People v. Jones
H047180