Filed 3/23/22  P. v. Hudson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094015 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE021294) |
| v. | |
| TYREE HUDSON, | |
| Defendant and Appellant. | |

Defendant Tyree Hudson pleaded no contest to transporting methamphetamine and was sentenced to four years in county jail after a violation of probation; the court also imposed a restitution fine.  On appeal, defendant contends pursuant to the holding in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the restitution fine must be stayed pending an ability to pay hearing.  Finding defendant forfeited this argument, we affirm.

1

BACKGROUND

On November 29, 2018, defendant pleaded no contest to transporting methamphetamine (Health and Saf. Code, § 11379, subd. (a)).**1** The trial court sentenced defendant to a four-year county jail sentence but suspended execution and placed defendant on five years of formal probation. The court also imposed but stayed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)),**2** a $300 probation revocation fine (§ 1202.44), a $40 court security fee (§ 1465.8), and a $30 court facility fee (Gov. Code, § 70373).

On March 2, 2021, after two previous probation violations, the trial court found defendant violated his probation again. On April 23, 2021, the trial court executed the four-year county jail sentence, reinstated the restitution and probation revocation fines, but waived all other fines for an inability to pay.

Defendant timely appealed.

In August 2021, defendant filed a letter under section 1237.2 with the trial court requesting it stay the restitution fine; the court declined to do so.

DISCUSSION

Relying on *People v. Dueñas, supra*, 30 Cal.App.5th 1157, defendant argues the $300 restitution fine must be stayed pending an ability to pay hearing, otherwise it violates the prohibition against excessive fines and violates equal protection. He asserts ineffective assistance of counsel if we find he forfeited this argument.

Defendant forfeited his challenge to the restitution fine because the sentencing hearing was held over two years after *Dueñas* was decided; there was thus authority for requesting an ability to pay hearing at the time of the sentencing hearing, and defendant

---

**1** The minute order incorrectly states the code section pleaded to was Health and Safety Code section 11364.

**2** Undesignated statutory references are to the Penal Code.

failed to do so.  (Cf. *People v. Castellano* (2019) 33 Cal.App.5th 485, 489; *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [constitutional exception to forfeiture rule did not apply to claim concerning failure to obtain express waiver of an ability to pay hearing]; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 [noting longstanding rule that a constitutional right may be forfeited in criminal proceedings by " ' "failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "].)

To establish ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms.  Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)  On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Ibid.*)

Defendant points to nothing in the record as to why defense counsel failed to object to the imposition of the restitution fine, and the record does not affirmatively disclose that counsel had no tactical purpose for doing so.  " '[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' the claim on appeal must be rejected.  [Citations.] . . . [I]t is inappropriate for an appellate court to speculate as to the existence or nonexistence of a tactical basis for a defense attorney's course of conduct when the record on appeal does not illuminate the basis for the attorney's challenged acts or omissions . . . ." (*People v. Wilson* (1992) 3 Cal.4th 926, 936, citing *People v. Pope*

3

(1979) 23 Cal. 3d 412, 426.)  Thus, defendant's claim of effective assistance of counsel is denied.

## DISPOSITION

The judgment is affirmed.

       /s/

EARL, J.

We concur:


   /s/

MAURO, Acting P. J.


   /s/

RENNER, J.