Filed 10/18/22  P. v. Sinohue CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>EUGENE ANTHONY SINOHUE,<br><br>　　　　Defendant and Appellant. | C095464<br><br>(Super. Ct. No. 20CR3016101) |

Defendant Eugene Anthony Sinohue contends the trial court erred in imposing fees and fines without holding an ability to pay hearing.  We affirm the judgment but order the trial court to correct a clerical error.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 5, 2021, pursuant to a negotiated plea agreement, defendant pleaded no contest to conspiring to deliver a cell phone to an inmate in state prison.  (Pen. Code,

§§ 182, subd. (a)(1), 4576, subd. (a).)[1]  In the same hearing, the trial court sentenced defendant to three years in state prison and imposed a $30 court facilities fee (Gov. Code, § 70373), a $40 court operations fee (§ 1465.8), a $300 restitution fine (§ 1202.4, subd. (b)), and a stayed $300 parole revocation restitution fine (§ 1202.45).  Defense counsel did not object to the imposition of the fees and fines.

Defendant did not file a motion for the trial court to correct the fees and fines pursuant to section 1237.2.  On December 8, 2021, defendant timely appealed.[2]

DISCUSSION

I

*Fees and Fines*

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant argues the trial court violated his due process rights by imposing fees and fines without determining his ability to pay.  He asserts ineffective assistance of counsel if we find he forfeited this argument.

Defendant forfeited his challenge to the fees and fines because the sentencing hearing was held over two years after *Dueñas* was decided; there was thus authority for requesting an ability to pay hearing at the time of the sentencing hearing, and defendant failed to do so.  (Cf. *People v. Castellano* (2019) 33 Cal.App.5th 485, 489; *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [constitutional exception to the forfeiture rule did not

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  The People mistakenly contend otherwise.  When defendant initially appealed, he submitted a typewritten letter stating, "This letter serves as my NOTICE OF APPEAL." The trial court provided notice of the filing to counsel, the parties, and court reporters shortly thereafter.  On January 7, 2022, three days after the 60-day deadline for appeals under California Rules of Court, rule 8.308(a), defendant submitted a more detailed notice of appeal using the optional form prepared by the Judicial Council.  The People's contention is based solely on the timeliness of the latter filing and fails to address the initial notice of appeal that was accepted by the trial court.

apply to a claim concerning failure to obtain an express waiver of an ability to pay hearing]; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 [noting longstanding rule that a constitutional right may be forfeited in criminal proceedings by " ' "failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "].)

To establish ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Ibid.*) Defendant points to nothing in the record as to why defense counsel failed to object to the imposition of the fees and fines, and the record does not affirmatively disclose that counsel had no tactical purpose for doing so. Thus, defendant's claim of ineffective assistance of counsel is denied.

## II

### *Clerical Error*

We agree with the People that the abstract of judgment warrants correction because it incorrectly identifies defendant's conviction as based solely on section 4576, subdivision (a), which proscribes delivery of a cell phone to a prison inmate. As reflected in the oral pronouncement of judgment, defendant was convicted of conspiring to commit that offense under section 182, subdivision (a)(1). (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

3

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect that defendant's conviction was based on both section 4576, subdivision (a) and section 182, subdivision (a)(1), and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


    /s/
EARL, J.


We concur:


    /s/
DUARTE, Acting P. J.


    /s/
RENNER, J.

4