Filed 12/6/22  P. v. McKinney CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C095506 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFECOD20190013524) |
| v. | |
| JENNIFER RAEANN MCKINNEY, | |
| Defendant and Appellant. | |

A trial court imposed a restitution fine, criminal conviction assessment, and court operations assessment on defendant Jennifer Raeann McKinney after she pleaded guilty to several counts.  Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164, defendant now argues the fine and assessments must be stayed pending a hearing on her ability to pay, and asserts the fine is unconstitutional absent such a hearing.  We will modify the judgment to reflect one minor legislative change, and affirm the judgment as modified.

FACTS AND HISTORY OF THE PROCEEDINGS

Defendant engaged in identity theft and opened accounts in the names of several victims.  Defendant pleaded guilty to six counts of identity theft (Pen. Code, § 530.5, subd. (a); statutory section citations that follow are to the Penal Code), and one count

1

each of attempted grand theft auto (§§ 664, 487, subd. (d)(1)), conspiracy to commit grand theft auto (§§ 182, subd. (a)(1), 487, subd. (d)(1)), and acquiring identifying information with intent to defraud (§ 530.5, subd. (c)(3)).

When interviewed by a probation officer for a presentencing report, defendant expressed remorse and said she was "willing and capable to start making payments of restitution today if you guys want me to." Defense counsel reiterated these statements at the sentencing hearing, asking the court to consider probation, which would allow defendant to "maintain her employment" because she was attending school and "when she gets out from under this, she's going to be looking for work with her new degree." Counsel explained defendant had done volunteer work and was also employed at a local kennel.

The court denied probation and imposed an aggregate sentence of six years four months, with two years eight months of the sentence to be served in custody and the remainder of the sentence to be served on community supervision. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $30 collection surcharge (former § 1202.4, subd. (*l*)), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8). Defense counsel did not object to the fines and assessments.

DISCUSSION

I

*Ability to Pay*

Defendant argues the $300 restitution fine, $40 court operations assessment, and $30 criminal conviction assessment must be stayed pending an ability to pay hearing, based on *People v. Dueñas, supra*, 30 Cal.App.5th 1157. Defendant claims that, absent such a hearing, the restitution fine is also unconstitutional.

The People contend defendant forfeited these challenges because she did not raise any objection at the sentencing hearing, and we agree. The sentencing hearing was held over two years after *Dueñas* was decided, but defendant did not request an ability to pay hearing at the time of sentencing. (Cf. *People v. Castellano* (2019) 33 Cal.App.5th 485, 489; *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [constitutional exception to the forfeiture rule did not apply to a claim concerning failure to obtain an express waiver of an ability to pay hearing]; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 [constitutional right may be forfeited by " ' "failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "].) Defendant's challenge was thus forfeited.

Anticipating this conclusion, defendant claims she received ineffective assistance of counsel because her trial counsel failed to make an objection based on her ability to pay the assessed fines and assessments. We disagree.

The burden of proving ineffective assistance of counsel is on the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) To establish constitutionally inadequate representation, a defendant must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. (*Ibid.*)

We defer to trial counsel's reasonable tactical decisions to examine a claim of ineffective assistance of counsel. (*People v. Weaver* (2001) 26 Cal.4th 876, 925.) On direct appeal, "competency is *presumed* unless the record *affirmatively* excludes a rational basis for the trial attorney's choice." (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1260.) "If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation." (*People v. Gray* (2005) 37 Cal.4th 168, 207.) Mere speculation is insufficient to support a finding of ineffective assistance of

counsel. (*People v. Williams* (1988) 44 Cal.3d 883, 933.) Failure to object rarely constitutes deficient counsel performance. (*Gray*, at p. 207.)

Here, defense counsel had a clear tactical reason to forego an objection on defendant's ability to pay. Defense counsel's argument at sentencing was that defendant should be placed on probation because she was attending school and probation would allow her to maintain her current employment and work towards a future degree. This assertion is inconsistent with an argument that defendant was unable to work to pay off any fines or assessments. Moreover, defendant's expression of remorse to the probation officer indicated she was willing, and able, to pay whatever restitution was ordered, which is inconsistent with an objection based on her ability to pay that restitution. It was reasonable for defense counsel to focus on the prospect of probation for defendant, rather than lodging objections undermined by her own statements that would have saved her, at best, $370. Defense counsel's performance was not deficient, and we see no ineffective assistance of counsel.

II

*Assembly Bill No. 177*

Although not raised by the parties, we note one sentencing issue that requires resolution. At the sentencing hearing, the trial court imposed a 10 percent surcharge for the $300 restitution fine under section 1202.4. At the time of the sentencing hearing, this fee was permitted under former section 1202.4, subdivision (*l*), which stated: "At its discretion, the board of supervisors of a county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county."

In September 2021, the Legislature enacted Assembly Bill No. 177 (2021-2022 Reg. Sess.) (Assembly Bill 177), which repealed and reenacted section 1202.4, effective

4

January 1, 2022; the reenacted statute eliminated subdivision (*l*). (Stats. 2021, ch. 257, §§ 19-20.) Assembly Bill 177 also amended section 1465.9, subdivision (b), which states, in relevant part: "On and after January 1, 2022 the balance of any court-imposed costs pursuant to Section . . . 1202.4 . . . , as [that section] read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, § 35.) Accordingly, the balance of the collection fee imposed by the court is now unenforceable and uncollectible, and defendant is entitled to have the fee vacated. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 259-260 [construing similar language in Assembly Bill No. 1869 (2019-2020 Reg. Sess.) to vacate fee].) We will direct the trial court to update the abstract of judgment accordingly.

## DISPOSITION

The judgment is modified to vacate the $30 surcharge imposed under former section 1202.4, subdivision (*l*). As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

 

HULL, Acting P. J.

We concur:

MAURO, J.

BOULWARE EURIE, J.

5