Filed 1/16/24  P. v. Tolosa CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>LOPE ELWIN TOLOSA,<br><br>        Defendant and Appellant. | C098381<br><br>(Super. Ct. No. 22FE019505) |

In March 2023, defendant Lope Elwin Tolosa pleaded no contest to second degree burglary (Pen. Code, § 459)[1] and admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).  The trial court sentenced defendant to state prison for the low term of 16 months, doubled to 32 months for the strike, and indicated that at the conclusion of the prison term, defendant would be placed on parole for up to three years.  Defense counsel noted that defendant was indigent and asked that all discretionary fines and fees be reduced to their minimum.  The abstract of judgment reflects a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373).

---

[1]  Undesignated statutory references are to the Penal Code.

1

Defendant now contends the trial court should have considered his ability to pay the fines and assessments, and if the issue is forfeited because it was not asserted in the trial court, his trial counsel was ineffective. He further contends that because the maximum period of parole is now two years under section 3000.01, the judgment must be clarified to reflect current law.

We will affirm the judgment.

DISCUSSION

I

Defendant contends the trial court should have considered his ability to pay the fines and assessments, and if the issue is forfeited because it was not asserted in the trial court, his trial counsel was ineffective.

Defendant's trial counsel did not request an ability to pay hearing in the trial court. Rather, trial counsel asked that discretionary fines and fees be reduced to the minimum. Defendant's challenges based on ability to pay, including his arguments based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, are forfeited.

Anticipating forfeiture, defendant argues his trial counsel was ineffective. On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

The record does not establish that defendant lacked the ability to pay the fines and assessments. Defendant's trial counsel generally stated that defendant was indigent but asked for minimum discretionary fines and fees. Defense counsel may have had information regarding defendant's resources that does not appear in the record on appeal. The record does not affirmatively disclose that counsel had no tactical purpose in declining to request a hearing on ability to pay. "[I]t is inappropriate for an appellate

2

court to speculate as to the existence or nonexistence of a tactical basis for a defense attorney's course of conduct when the record on appeal does not illuminate the basis for the attorney's challenged acts or omissions." (*People v. Wilson* (1992) 3 Cal.4th 926, 936.) We decline to find that trial counsel was deficient.

## II

Defendant next contends that because the maximum period of parole is now two years under section 3000.01, the judgment must be clarified to reflect current law.

Parole is a statutorily mandated element of punishment, and the sentencing court lacks authority to alter the applicable period of parole established by statute and imposed by the Board of Prison Terms. (*People v. Renfro* (2004) 125 Cal.App.4th 223, 232.) Section 3000.01, subdivision (b)(1) (added by Stats. 2020, ch. 29, § 18), provides that any inmate sentenced to a determinate term and released from state prison on or after July 1, 2020, shall be released on parole for a period of two years.

Here, the trial court did not impose or alter defendant's parole term. We interpret the trial court's comments as an attempt to inform defendant of the additional consequences of his no contest plea, albeit with incorrect information. The comments are not part of the judgment and the judgment need not be clarified. Defendant's contention lacks merit.

## DISPOSITION

The judgment is affirmed.

/S/
MAURO, Acting P. J.

I concur:

/S/
DUARTE, J.

3

MESIWALA, J., Concurring and Dissenting.

I concur in part II of the analysis but dissent to the analysis in part I.  Defendant's trial counsel properly preserved defendant's *Dueñas* claim and therefore was not ineffective.

*Dueñas* was correctly decided.  Under *Dueñas*, fines, fees, and assessments cannot be imposed on an indigent defendant, or must be stayed in the case of a mandatory restitution fine under Penal Code section 1202.4, unless there is a determination that the defendant has the ability to pay.  (*People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168, 1172.)  A trial court must make that determination when the defendant contests ability to pay.  (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.)

Here, after the trial court announced the imposition of mandatory restitution fines, defendant's counsel requested that "all discretionary fines and fees be reduced to their minimum" because defendant was "indigent."  Under *Dueñas*, this was sufficient to contest defendant's ability to pay and to require the court to "conduct an ability to pay hearing and ascertain . . . defendant's ability to pay before it impose[d]" the fees, fines, and assessments.  (*People v. Kopp* (2019) 38 Cal.App.5th 47, 95 [agreeing with *Dueñas* as to this requirement].)

Without requiring any showing of ability to pay or lack thereof, the trial court imposed a $300 restitution fine (Pen. Code § 1202.4, subd. (b)), imposed and suspended a $300 parole revocation fine (Pen. Code § 1202.45), imposed a $40 court operations assessment (Pen. Code § 1465.8, subd. (a)(1)), and imposed a $30 criminal conviction assessment (Gov. Code, § 70373).  The court erred by not conducting the inquiry that *Dueñas* demands.  And such an inquiry and finding cannot be implied because there is no evidence of ability to pay.

On appeal, the People must show that error was harmless beyond a reasonable doubt.  (*People v. Taylor* (2019) 43 Cal.App.5th 390, 403.)  The People have not met this burden.  The record shows defendant was sentenced to two years and eight months in

1

state prison and was 42 years old at the time of sentencing.  His employment status, income sources, assets, and physical and mental health conditions are unknown.  The People contend defendant could afford the fines and fees through his prison wages and future earnings.  But without knowing defendant's physical and mental health conditions, I cannot presume he would be able to work while in prison or after his release.

For these reasons, I would vacate the fines and assessments and remand for the trial court to determine defendant's ability to pay based on evidence and arguments of the parties.

_____/S/_____
MESIWALA, J.